In July 1987, the appellant was charged by a St. Clair County grand jury with committing the offenses of rape in the first degree, in violation of § 13A-6-61, Code of Alabama (1975), and sodomy in the first degree, in violation of 13A-6-63, Code ofAlabama (1975). The appellant was convicted in a jury trial of both offenses and was sentenced to 25 years' imprisonment on each conviction, with the sentences to run consecutively.
The appellant argues that the record of this case fails to establish that he knowingly and intelligently waived his right to counsel, and that the trial court thus erred, even though counsel was appointed to "assist" him, in allowing him to represent himself at trial.
The record indicates that the appellant appeared for arraignment on September 10, 1987, without an attorney. The court's case action summary indicates that the appellant stated to the court that he was familiar with the charges set out in the indictment, that he waived a reading of the indictment, and that he entered a plea of not guilty. Trial was set for October 26, 1987, and the appellant, who advised the court that he would employ his own attorney, was instructed to have his lawyer notify the court by October 1, 1987, for the "plea docket." The court further instructed the appellant to appear in court on October 1, 1987, if he had failed to employ counsel by that date.
On October 9, 1987, an attorney filed a notice with the court that he was representing the appellant in this case. On October 23, 1987, the attorney filed a motion for a continuance, citing as grounds therefore that he had not had sufficient time to prepare for trial and that the appellant had paid him only a nominal retainer, and that "additional monies are necessary towards the expense and operation of this case." The trial court, noting the nature of the charges against the appellant, granted counsel's motion, over the State's objections. The record fails to reflect what, if any, representation had been provided to the appellant, although the record indicates that an "employed" attorney appeared with him on February 19, 1988, and that on that date this case was rescheduled for trial on April 4, 1988. In any event, the record is devoid of such motions and discovery requests as are authorized by Temp. Rules 16 and 18, A.R.Crim.P.
On March 22, 1988, the attorney filed a motion for leave to withdraw as the appellant's attorney. The following grounds were stated in support of the motion:
 "1. That the Defendant, Charles W. Tomlin, has not met with counsel to prepare any adequate defense in this matter and has indicated by letters and telephone calls that he cannot afford counsel.
 "2. That the Defendant, Charles W. Tomlin, persists in conduct which renders it unreasonably difficult for me to carry out my employment effectively.
 "3. In addition, Charles W. Tomlin, insists on engaging in other conduct that is contrary to my advice, though it is in a matter not pending before this Court.
 "4. The Defendant, Charles W. Tomlin, has given various indications that he is not interested in being represented and has ignored any requests for conferences with counsel.
 "5. Counsel has written Charles W. Tomlin and has given him sufficient notice of my pending withdrawal, and also informed him that he has a trial date on April 4, 1988.
 "6. Counsel has contacted the District Attorney's office of the State of Alabama *Page 122 
in this matter by telephone and has explained his difficulties in preparing . . . defenses.
 "7. The Defendant, Charles W. Tomlin, has indicated to his counsel that he is incapable of paying any attorney's fees.
 "8. The Defendant, Charles W. Tomlin, has not paid any monies to retain counsel.
 "9. That the foregoing reasons constitute reasons for withdrawal under the Code of Professional Responsibility of the Alabama State Bar, specifically under rules DR-211(A)(2), (C)(1)(d) and (f)."
The trial court initially denied this motion and ordered counsel to appear in court with his client on April 1, 1988, for "plea docket" and on April 4, 1988, for trial. The appellant then communicated directly with the court by means of a handwritten letter dated March 30, 1988, which stated as follows:
 "If it please the court or Hair Lips Hell, I have the Right to represent myself in a court of Law, I claim that Right this day. I release [the attorney] as my attorney as he lacks the necessary Boldness to do the Job that I desire. I am capable of Defending myself and also capable of prosecuting DHR Their attorney on class A, B, C felonies, Falising [sic] court records and Interfearing [sic] with Court ordered custody of a child."
At "plea docket" on April 1, 1988, the trial court permitted the appellant's attorney to withdraw in this case. The case action summary further reflects the following:
 "In open Court the Defendant has stated that he demanded the right to be his own counsel in these proceedings. Defendant has further advised the Court that he had a constitutional right to represent himself.
 "Therefore, be it ORDERED that the Defendant may act as his own counsel in these proceedings. However, due to the complexity of the charges against the Defendant, this Court is of the opinion that he should have the advice and counsel of competent counsel to assist him in representing him on the charges set out in the indictment.
 "Therefore, be it ORDERED, ADJUDGED, AND DECREED that the Honorable Talmadge Fambrough, an experienced attorney practicing criminal law in this Court, . . . is hereby appointed as counsel for the defendant to assist the defendant in the trial of said cause."
The record, however, fails to establish that the trial court attempted to apprise the appellant of the dangers, disadvantages, and consequences of proceeding without counsel prior to the trial of this case.
While the Sixth Amendment guarantees that an accused in a criminal prosecution has the right to counsel, Gideon v.Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), this right and its at, tendant benefits may be waived, provided that the waiver is voluntary and constitutes a "knowing and intelligent relinquishment or abandonment of a known right or privilege." Edwards v. Arizona, 451 U.S. 477, 482,101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981). See also, North Carolina v.Butler, 441 U.S. 369, 374-75, 99 S.Ct. 1755, 1757-58,60 L.Ed.2d 286 (1979); Fitzpatrick v. Wainwright 800 F.2d 1057,1063 (11th Cir. 1986). Moreover, the burden is on the State to prove a valid waiver of counsel. Carnley v. Cochran,369 U.S. 506, 514-15, 82 S.Ct. 884, 889-90, 8 L.Ed.2d 70 (1985). InFaretta v. California, 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562 (1975), the Supreme Court held that an accused has a Sixth Amendment right to conduct his defense in a criminal case. In articulating this right, however, the Faretta Court noted the following:
 "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. Johnson v. Zerbst, 304 U.S. [458] at 464-65 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-24 [68 S.Ct. 316, 323, 92 L.Ed. 309] (plurality opinion of *Page 123 
Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. [269] at 279 [63 S.Ct. 236, 242, 87 L.Ed. 268]."
Id. 422 U.S. at 835, 95 S.Ct. at 2541. See also, Ford v. State,515 So.2d 34, 40 (Ala.Cr.App. 1986), affirmed, Ex parte Ford,515 So.2d 48 (Ala. 1987), cert. denied, 484 U.S. 1079,108 S.Ct. 1061, 98 L.Ed.2d 1023 (Ala. 1988).
While the scope of inquiry required under Faretta, supra, has not been precisely defined, see generally, Project: CriminalProcedure, 76 Geo.L.J. 921, 928-30 (1988), a thorough discussion of such an inquiry can be found in Fitzpatrick, supra, in which the Eleventh Circuit Court of Appeals wrote the following:
 "Faretta and its progeny suggest that, in addition to the presence of a clear and unequivocal assertion of the right of self-representation, other safeguards are required. Because a defendant who exercises the right to conduct his own defense relinquishes many of the important benefits associated with the right to an attorney, a trial judge should normally conduct a waiver hearing to insure that the defendant understands the disadvantages of self-representation, including, inter alia, the defendant's understanding of the risks and complexities of his particular case. See Faretta, 422 U.S. at 835, 95 S.Ct. at 2541; Raulerson v. Wainwright, 732 F.2d 803, 808 (11th Cir. 1984); Hance v. Zant, 696 F.2d 940, 949 (11th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983), overruled on other grounds, Brooks v. Kemp, 762 F.2d 1383 (11th Cir. 1985); United States v. Chaney, 662 F.2d 1148, 1152 (5th Cir. 1981) (Unit B). . . .
 "Although the Supreme Court has not precisely defined the extent of the Faretta inquiry, lower courts have examined a variety of factors in analyzing this issue. As previously stated, a valid waiver must be made knowingly and intelligently. This question depends on the particular facts and circumstances of each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). 'Background factors' that have been considered include the defendant's age and education background. Mixon v. United States, 608 F.2d 588, 590 (5th Cir. 1979), vacated on other grounds, 616 F.2d 253 (5th Cir. 1980) See Faretta, 422 U.S. at 835, 95 S.Ct. at 2541."
Id. at 1065-66. Further, the court noted that, "while a waiver hearing expressly addressing the disadvantages of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's expressadvice, but rather the defendant's understanding." Id. at 1065 (emphasis supplied) (citations omitted).
The Fitzpatrick court enumerated a variety of factors which courts have found relevant to a Faretta inquiry, including: (1) whether the colloquy between the court and the defendant consisted merely of pro forma answers to pro forma questions,United States v. Gillings, 568 F.2d 1307, 1309 (9th Cir.), cert. denied, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760
(1978); (2) whether the defendant understood that he would be required to comply with the rules of procedure at trial,Faretta, supra, 422 U.S. at 835-36, 95 S.Ct. at 2541-42;Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir. 1976); (3) whether the defendant had had previous involvement in criminal trials, United States v. Hafen, 726 F.2d 21, 25 (1st Cir.), cert. denied, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561
(1984); (4) whether the defendant had knowledge of possible defenses that he might raise, Maynard, supra; (5) whether the defendant was represented by counsel before trial, Hafen, supra; and (6) whether "stand-by" counsel was appointed to assist the defendant with his pro se defense, see Faretta, *Page 124 
supra, 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46; Hance v.Zant, 696 F.2d 940, 950 n. 6 (11th Cir.), cert. denied,463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983), overruled on other grounds, Brooks v. Kemp, 762 F.2d 1383 (11th Cir. 1985).
Of the factors stated above, only the last weighs in favor of finding that the appellant in the present case had an adequate understanding of the risks of self-representation. In the casesub judice, the trial court, after hearing the appellant assert his right to conduct his own defense, simply allowed him to do so. The record is utterly devoid of any colloquy between the court and the appellant in which he was either advised of his right to appointed counsel if he could not afford to retain an attorney, or warned about the dangers of proceeding pro se. Cf.Washington v. State, 539 So.2d 1089, 1092-93 (Ala.Cr.App. 1988); Ford, supra. The record likewise fails to show that the appellant had been involved in a prior criminal proceeding that may have given him some familiarity with court procedure, or that he understood the nature and complexity of the charges against him or the defenses that he might raise against such charges. In fact, appellant's pretrial correspondence with the court strongly suggests that he had little appreciation of either the charges against him or the operation of the legal system generally. Although the appellant was represented by retained counsel for a time prior to his trial, this Court fails to see how this in any way enhanced the appellant's ability to appreciate his predicament or to conduct his defense. It appears from the record that counsel did little more than make two pretrial court appearances with the appellant. Allegations contained in counsel's motion to withdraw, for example, indicate that the appellant never met with his attorney to discuss this case.
Further, the record fails to show any circumstances, such as a repeated refusal to heed the court's advice and obtain counsel, or an intent to disrupt the operation of the court, that would imply a knowing and intelligent waiver of the right to counsel, 76 Geo. L.J., supra, at 930, or that would constitute a "forfeiture" of that right. 2 La Fave and Israel,Criminal Procedure, § 11.3(c) (1984).
In the case before us, the record offers no evidence that the appellant "knowingly" and "intelligently" waived his right to counsel. The judgment is therefore due to be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.