The appellant was convicted of first degree burglary in violation of § 13A-7-5, Code of Alabama 1975. He was sentenced as a habitual offender to 40 years' imprisonment in the state penitentiary and was fined $5,000. Two issues are raised on appeal.
 I
The appellant maintains that the trial court erred to reversal in denying his August 27, 1984, motion for a continuance. It is well established law that a motion for continuance is addressed to the sound discretion of the trial court. Dawkins v. State, 455 So.2d 220 (Ala.Cr.App. 1984). Unless there is a clear showing of abuse of discretion, its ruling will not be disturbed on appeal. Carroll v. State,445 So.2d 952 (Ala.Cr.App. 1983).
The record in the present case indicates that the appellant was arrested and charged with first degree burglary on January 9, 1984. He was indicted on April 3 of that year and entered a plea of not guilty on April 27, 1984. On July 31, 1984, the appellant appeared in court and told the judge that he had been unable to retain counsel. The appellant stated, however, that he could afford to hire an attorney and requested additional time to procure legal representation. Pursuant to the appellant's request, his trial was postponed until August 27, 1984. As a reminder, written notice of the trial date was mailed to the appellant on August 7, 1984. On the day scheduled for trial, the appellant once again appeared in court without a lawyer. The appellant informed the court that he had hired an attorney, but that the attorney was unable to appear in court that day. The court agreed to postpone trial until the next day. Later that afternoon, the appellant's trial attorney, who stated that he had been hired only that day, filed a motion for continuance on the grounds that he had not had adequate time to prepare for trial and had not had an opportunity to subpoena necessary witnesses. The motion was denied and the case was tried on August 28, 1984. Appellant now contends that the trial court's refusal to grant a continuance deprived him of his constitutional right to effective assistance of counsel.
A similar argument was made in United States v. Gates,557 F.2d 1086, 1087 (5th Cir. 1977), cert. denied, 434 U.S. 1017,98 S.Ct. 737, 54 L.Ed.2d 763 (1978). During the three months between appellant Gates's arrest and the date of trial, he had repeatedly requested additional time to secure legal representation. On the day of trial, Mr. Gates again asked for a continuance on the grounds that he had been unable to obtain a lawyer. The trial court denied the motion and proceeded to trial with Gates representing himself. On appeal, Gates argued, as does the appellant herein, that he was "denied his constitutionally guaranteed right to the assistance of counsel when the trial court refused a continuance to permit his counsel to make adequate preparations." Gates, 557 F.2d at 1088. The Fifth Circuit Court of Appeals affirmed the trial court's denial of the motion, holding that by engaging in delaying tactics, appellant Gates had waived his right to counsel. Under similar circumstances, the Second Circuit Court of Appeals held in United States v. Arlen, 252 F.2d 491, 494
(2d Cir. 1958):
 "We think it clear that although a defendant able to retain counsel is entitled *Page 1064 
to a reasonable time to secure counsel, he may not indefinitely postpone trial by continued applications for more time to seek representation. Whether additional time should be granted is within the sound discretion of the trial court. Further, where a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney."
Accord, United States v. Terry, 449 F.2d 727 (5th Cir. 1971); see, also, United States v. Fowler, 605 F.2d 181, 183 (5th Cir. 1979), rehearing denied, 608 F.2d 1373, cert. denied,445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1979); State v. Tarumoto,62 Haw. 298, 614 P.2d 397 (1980) ("[t]he right to assistance of counsel, cherished and fundamental though it be, may not be put to service as a means of delaying of trifling with the court"); Neal v. State, 689 S.W.2d 420 (Tx.Cr.App. 1984) ("[a]n accused in a criminal case may not use his constitutional right to counsel so as to manipulate the commencement of his trial to suit his convenience and pleasure").
The appellant herein had almost eight months from the time of his arrest until the date of his trial to procure legal representation. Furthermore, the trial judge personally informed the appellant on July 31, 1984, that his case would be tried August 27, 1984. Written notice of the trial date was also mailed to the appellant three weeks prior to trial. Even after the appellant appeared in court without an attorney on August 27, 1984, the court once again allowed the trial to be postponed until the next day. We find no abuse by the trial court in refusing to allow a longer delay. Indeed, we believe that the court exhibited patience in allowing the appellant an additional day in which to retain an attorney, particularly after it appeared that he was using the right of counsel as a sword instead of a shield. Where a defendant has been given a reasonable amount of time to hire an attorney, but fails to do so, the trial court will not be put in error for refusing to grant him a continuance unless the defendant's failure to obtain counsel was justified. Gosha v. State, 442 So.2d 138
(Ala.Cr.App. 1983); Whitehead v. State, 409 So.2d 894
(Ala.Cr.App. 1981); Pettiford v. State, 8 Md. App. 560,261 A.2d 216 (1970); People v. Augustine, 265 Cal.App.2d 317,71 Cal.Rptr. 384 (1968); People v. Byoune, 65 Cal.2d 345,54 Cal.Rptr. 749, 420 P.2d 221 (1966); 22A C.J.S. Criminal Law § 502 (1961). In the present case, the appellant offered no justification for his delay in hiring an attorney except for his own neglect. When asked at his sentence hearing whether he had anything to say, the appellant replied:
 "It was my own fault. I blame myself for not being prepared when I came in the courtroom. I thought justice would prevail but it didn't."
We hold that the appellant waived, or rather forfeited, his right to counsel.[1] The trial court did not, therefore, err in denying the appellant's motion for a continuance.
 II
The appellant also contends that he is entitled to a new trial on the basis of newly discovered evidence. To establish a right to a new trial based on newly discovered evidence, a defendant must show that the evidence is of such a nature as will probably change the result if a new trial is granted, that it has been discovered after completion of the trial, that it could not have been discovered before the trial by *Page 1065 
the exercise of due diligence, that is is material to the issue, and that it is not merely cumulative or impeaching.Willis v. State, 447 So.2d 199 (Ala.Cr.App. 1983). In support of his motion for new trial the appellant called Mr. and Mrs. Green. The testimony of the Greens consisted chiefly of information tending to impeach the credibility of a state witness who testified against the appellant at trial, and this testimony did not, therefore, provide a basis for granting a new trial. The appellant also presented testimony by Glenn Kelly in support of his motion. Mr. Kelly stated that around 10:10 p.m. on the night of the burglary, which was approximately the time that the crime occurred, he had gone to the appellant's home. Mr. Kelly testified that he could not be sure of the exact time, however. Upon arriving at the appellant's residence, Mr. Kelly said, he noticed that the front door of the house was open. He testified that he entered the house and saw the appellant asleep on his bed, and that he then left without awakening the appellant. It was not until after the appellant's trial and conviction that Mr. Kelly came forward with this information. Despite Mr. Kelly's testimony, our review of the record nevertheless leads us to conclude that the trial court did not abuse its discretion in denying the appellant's motion for a new trial. "A decision on a motion for a new trial rests largely within the discretion of the trial court, and, in reviewing such decision, this court will indulge every presumption in favor of the correctness thereof." Ward v.State, 440 So.2d 1227, 1230 (Ala.Cr.App. 1983); see also, Gassv. State, 431 So.2d 1347 (Ala.Cr.App.), cert. denied,431 So.2d 1350 (Ala. 1983). The credibility of testimony presented at a new trial hearing is likewise within the sound discretion of the trial court. Peterson v. State, 426 So.2d 494 (Ala.Cr.App. 1982). We find no abuse of the trial court's discretion in denying the appellant's motion for a new trial. This new evidence probably would not change the result of the trial even if believed, in light of the victim's testimony that she was "one hundred percent sure" that the appellant was the man who entered her home and attacked her. The judgment of the trial court is affirmed.
AFFIRMED.
All The Judges Concur.
[1] See, Lavre and Israel, Criminal Procedure § 11.3, p. 34, wherein the authors observe: "What these courts have held, in effect, if that the state's interest in maintaining an orderly trial schedule and the defendant's negligence, indifference, or possibly purposeful delaying tactic, combined to justify a forfeiture of defendant's right to counsel in much the same way that defendant's disruptive behavior or voluntary absence can result in the forfeiture of his right to be present at trial."