The appellant, Katina Warren, was convicted in the municipal court of the City of Enterprise for resisting arrest, attempting to elude, harassment, and assault in the third degree. She appealed her convictions to the Circuit Court of Coffee County, where she was convicted of attempting to elude, harassment, and assault in the third degree. She was fined $800 for the convictions for attempting to elude and harassment and was sentenced to serve 45 days in the county jail for the assault conviction. She appeals to this Court only from the assault conviction, contending that the trial court erred in refusing to appoint an attorney to represent her at trial.
It is undisputed that the appellant had a right to counsel in the assault case. "In misdemeanor cases, . . . the right to counsel applies . . . when the defendant is actually sentenced to jail." Ex parte Reese, 620 So.2d 579, 580 (Ala. 1993).
 "The constitutional right to counsel extends to misdemeanor cases involving the loss of liberty. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). However, the constitutional right to counsel does not extend to misdemeanor cases unless the defendant is actually sentenced to jail. Lake v. City of Birmingham, Ala.Cr.App., 390 So.2d 36, 38 (1980), citing Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)."
Word v. State, 424 So.2d 1374, 1377 (Ala.Cr.App. 1982). "The right of a defendant to counsel in misdemeanor cases is limited to instances where the defendant was actually sentenced to jail." Loyd v. Director, Department of Public Safety,480 So.2d 577, 578 (Ala.Civ.App. 1985)
The appellant was represented by appointed counsel and was convicted in municipal court on February 8, 1993. She appealed to circuit court for a trial de novo. On April 16, 1993, the circuit court set her trial for June 22, 1993. On that date, the appellant appeared without counsel and the following occurred:
 "THE COURT: Ms. Warren, you are here on four different appeals from the City of Enterprise?
"DEFENDANT WARREN: Yes.
 "THE COURT: You have a resisting arrest charge, harassment charge, attempting to elude and an assault third degree charge. I notice that you are not represented by counsel. Have you attempted or do you want counsel or anything like that?
"DEFENDANT WARREN: Yes.
"THE COURT: Do you work anywhere?
"DEFENDANT WARREN: Yes.
"THE COURT: Where do you work?
"DEFENDANT WARREN: Bekins Moving and Storage.
"THE COURT: What is your income there?
"DEFENDANT WARREN: Minimum wage.
 "THE COURT: Minimum wage. Have you attempted to hire a counsel?
"DEFENDANT WARREN: No. *Page 1314 
"THE COURT: Why not?
"DEFENDANT WARREN: Because I just started.
 "THE COURT: Just started. What did you do before that?
"DEFENDANT WARREN: Excuse me?
 "THE COURT: What did you do before that, before you just started?
"DEFENDANT WARREN: I didn't have a job.
"THE COURT: How did you support yourself?
"DEFENDANT WARREN: I get a check every month.
"THE COURT: what kind of check?
"DEFENDANT WARREN: ADC.
 "THE COURT: Did you have counsel representing you at the city court level?
"DEFENDANT WARREN: Yes, I did.
"THE COURT: Who was that?
"DEFENDANT WARREN: Cracker.
"THE COURT: Cracker Waldrop?
"THE DEFENDANT: Yes, sir.
"THE COURT: Was he retained or appointed?
"DEFENDANT WARREN: Appointed.
"THE COURT: By the city?
"DEFENDANT WARREN: Yes.
 "THE COURT: You understand that you are facing jail time here as a potential sentence if you are found guilty?
"DEFENDANT WARREN: Um, humm.
 "THE COURT: How long have you known that this case was pending to be tried today?
 "DEFENDANT WARREN: About — I think I got two different papers in the mail. I think about two months.
 "THE COURT: Looks like it was set back [o]n April 16th, 1993. That's when it was set for today. . . . [y]ou have made no attempt to get an attorney between now and then?
"DEFENDANT WARREN: No.
"THE COURT: And you are working and earning money?
"DEFENDANT WARREN: Yes, I am.
 "THE COURT: Well, I am not going to appoint an attorney for you because you were capable of hiring your own attorney. You have not done that after having two months' notice of . . . setting of this case. Therefore, we are going to proceed. I understand you are pleading not guilty to each of the four offenses, is that correct?
"DEFENDANT WARREN: Yes.
 "THE COURT: We are going to start your trial." R. 3-5.
The appellant was convicted and sentenced on June 22, 1993. On July 21, 1993, the trial judge appointed counsel to represent the appellant on appeal.
Rule 6.1(b), A.R.Crim.P., provides:
 "If a non-indigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed. If an indigent defendant who has refused appointed counsel in order to obtain private counsel appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the court shall appoint counsel unless the indigent defendant waives his right under this rule. If the indigent defendant continues to refuse appointed counsel, the cause shall proceed."
The facts of this case, however, do not support the application of this rule. There is nothing in the record that indicates that the appellant was advised to retain counsel at any time prior to her trial on June 22, 1993. In fact, there is no indication in the record that prior to June 22, the appellant, who had been represented by appointed counsel in municipal court, was advised that it would be her responsibility to retain counsel for trial de novo in circuit court. The record does not support the suggestion in the City's brief that the appellant was repeatedly advised to obtain counsel; nor does the record indicate that the appellant ever expressed any desire to waive her right to counsel.
 "The criteria for determining indigency are set out in § 15-12-5(b):
 " 'In determining indigency, the judge shall recognize ability to pay as a variable *Page 1315 
depending on the nature, extent and liquidity of assets, the disposable net income of the defendant, the nature of the offense, the effort and skill required to gather pertinent information and the length and complexity of the proceedings.' "
Ex parte Sanders, 612 So.2d 1199, 1201 (Ala. 1993).
The determination of indigency sufficient to require the appointment of trial counsel rests within the discretion of the trial judge. However, in this case, the trial judge did not have sufficient information on which to deny the appointment of counsel based on a brief that the appellant was financially able to retain counsel.
"The appellate courts agree that indigency is not a synonym for 'destitute.' A defendant may have income and assets yet still be unable to bear the cost of an adequate defense." 2 W. LaFave J. Israel, Criminal Procedure § 11.2(e) (1984). See also Ex parte Sanders, 612 So.2d 1199, 1201 (Ala. 1993) ("If the assets of friends and relatives who are not legally responsible for the defendant are not included in determining a defendant's indigency, then the fact that a friend or relative pays for an indigent defendant's counsel should not be considered in determining whether the defendant is entitled to funds for expert assistance. The simple fact that the defendant's family, with no legal duty to do so, retained counsel for the defendant, does not bar the defendant from obtaining funds for expert assistance when the defendant shows that the expert assistance is necessary.").
Rule 6.3, A.R.Crim.P., provides, in part:
 "(a) Definition. The term 'indigent,' as used in these rules, means a person who is financially unable to pay for his or her defense."
The Committee Comments to Rule 6.3 state:
 "In making a determination as to whether a defendant is financially able to employ counsel, the court should consider such factors as the defendant's income, sources of income, and sources of income of other members of the family; property owned; outstanding obligations; and the number and ages of any dependents; but it should not consider the fact that the defendant has been released on bond or the ability of friends or relatives not legally responsible for the defendant to obtain the services of counsel. The objection to the use of ability to post bond as a preclusive factor is that it places the defendant in the dilemma of choosing between having legal representation and being at liberty pending trial. Since the defendant's liberty prior to trial often may be essential to the preparation of his defense, placing the defendant in such a dilemma may be the denial of the right to an effective defense. See comments to ABA, Standards for Criminal Justice, Providing Defense Services 5-6.1 (2d ed. 1986).
 "The criteria established by the rule differ from the standards for determining indigency contained in Ala. Code 1975, § 15-12-5. In the opinion of the Advisory Committee, the nature of the offense should have no bearing on the question of financial status, unless the legislative intent was to distinguish between minor misdemeanors and offenses punishable by incarceration. The Advisory Committee also believed that the effort and skill required to gather pertinent information, and the length and complexity of the proceedings are not properly part of the indigency investigation except as such factors may bear on the fee which would be charged by retained counsel, and thus on the ability of a defendant with limited means to employ counsel."
In this case, there was no express or implied waiver of counsel. In fact, the appellant asserted her right to counsel. Compare Tomlin v. State, 601 So.2d 124 (Ala. 1991), in which the defendant asserted his right to self-representation.
We cannot find an "implied waiver" of counsel because there is no evidence that the appellant failed to retain counsel " 'after repeated urging by the court or [that the appellant] discharge[d] counsel in midtrial after explicit warnings.' "Wheeler v. State, 553 So.2d 652, 653 (Ala.Cr.App. 1989) (emphasis omitted). There was no showing that the appellant, having the financial ability to retain counsel, "forfeited" her right to counsel *Page 1316 
by failing to obtain counsel despite the repeated advice of the court to do so. Wheeler, 553 So.2d at 653. " '[W]here a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney.' " Siniard v. State, 491 So.2d 1062, 1064
(Ala.Cr.App. 1986).
The trial court's inquiry into the indigency of the appellant was insufficient. Within one month of refusing to appoint counsel at trial, the same trial judge found the appellant to be indigent for purposes of appointing appellate counsel based on essentially the same information. We hereby reverse the appellant's conviction for assault in the third degree. We can only conclude that the appellant was denied her constitutional right to appointed counsel.
The judgment of the circuit court is reversed. This cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.