The appellant, David Clemons, was convicted of trafficking in cannabis, a violation of § 13A-12-231(1), Ala. Code 1975. He was sentenced as a habitual offender with two prior felony convictions to 99 years' imprisonment. See § 13A-5-9(b)(3), Ala. Code 1975. However, because Clemons was in possession of a firearm at the time of the offense, he was sentenced to an additional 5 years' imprisonment, pursuant to the firearm-enhancement portion of the drug-trafficking statute, § 13A-12-231(13), Ala. Code 1975, for a total sentence of 104 years' imprisonment. Clemons was also fined $25,000, pursuant to § 13A-12-231(1)a., and an additional $25,000, pursuant to §13A-12-231(13). This appeal followed.
Clemons sought to represent himself. On July 21, 2000, this Court issued an order, holding that Clemons had no right of self-representation on direct appeal, relying on Martinez v. California, 528 U.S. 152
(2000). We ordered that Clemons should take immediate action to secure the services of *Page 318 
counsel on appeal. Clemons filed an objection to our July 21 order on August 15, 2000.
On August 24, 2000, the circuit court appointed counsel to represent Clemons in this appeal. Appellate counsel filed a brief and a reply brief on Clemons's behalf. On December 18, 2000, appellate counsel filed a motion to withdraw. This cause was submitted on briefs on January 5, 2001. However, on January 12, 2001, the Alabama Supreme Court held that, based on Alabama law, a criminal defendant did, in fact, have the right to self-representation on direct appeal. Ex parte Scudder, 789 So.2d 837
(Ala. 2001). On May 7, 2001, appellate counsel resubmitted her request to withdraw as counsel for Clemons.
On July 5, 2001, this Court issued an order retracting its previous requirement that Clemons be represented by counsel on direct appeal. We held that in light of the Supreme Court's decision in Ex parte Scudder, the submission in this cause would be set aside. We granted appellate counsel's request to withdraw and ordered all briefs filed by counsel to be stricken. This Court then granted Clemons 28 days in which to file and serve a pro se brief. Clemons filed his pro se brief on July 23, 2001; the State filed its brief on August 9, 2001.
 I.
The evidence elicited at trial tended to establish the following. On January 27, 1999, the Morgan County Sheriff's Department, together with personnel from other law-enforcement agencies, executed a search warrant on the home of Tiffany Vandiver and Lewis Jacobo. Officers discovered approximately 10 pounds of marijuana inside the residence. During the search, Clemons brought Jacobo home. Law-enforcement officials saw Jacobo exit Clemons's vehicle; Jacobo was holding a white paper bag in his hand. When Jacobo saw the various officers, he ran, and the officers gave chase. As the officers gave chase, they saw a pair of digital scales fall out of the paper bag Jacobo was carrying. The officers apprehended Jacobo and found a large sum of cash during a patdown search of his person.
While one group of officers was apprehending Jacobo, another group pursued Clemons, who had fled the scene in his pickup truck. The officers caught up with Clemons and forced him to stop his vehicle; they then asked him to get out of his vehicle. Morgan County Deputy Sheriff George Rutherford began to perform a patdown search on Clemons when Clemons informed him that he had a pistol in his back pocket. Rutherford retrieved the weapon, which was loaded, from Clemons and transported Clemons back to the Vandiver-Jacobo residence. Another officer drove Clemons's truck and followed Rutherford to the residence.
Once back at the Vandiver-Jacobo residence, Clemons was placed under arrest and searched. Deputy Pete Taylor discovered marijuana in Clemons's pocket. Another officer searched Clemons's truck and found a "black book" containing marijuana and $3,000. Based on all of the circumstances, the officers suspected that Clemons had been selling marijuana. Vandiver, Jacobo, and Clemons were charged with possession for other than personal use of the 10 pounds of marijuana found inside the Vandiver-Jacobo residence.
The following day, Rutherford requested a search warrant for Clemons's residence. Rutherford presented a circuit judge with an affidavit stating that subsequent to Clemons's arrest on January 27, he learned from a reliable confidential informant that Clemons had purchased a large quantity of marijuana from a contact in Hartselle within the past 24 hours and that *Page 319 
the remaining marijuana, together with other drug paraphernalia and drug-associated property would be found inside Clemons's residence. Based upon the affidavit, Rutherford obtained a search warrant for Clemons's residence. On January 28, 1999, officers searched Clemons's residence. The search of Clemons's residence revealed a substantial quantity of leafy, green plant material believed to be marijuana in separate containers, apparently packaged for sale. The officers also discovered several coolers and large, plastic "freezer" bags, all of which had a marijuana odor and contained marijuana residue; several sets of scales; drug paraphernalia; drug records; and a 9mm. pistol with a loaded magazine. Based on the size of the scales discovered, the quantity of marijuana found, and the way the marijuana was packaged, the officers concluded that Clemons was selling marijuana. Forensic analysis of the leafy, green plant material confirmed that it was, in fact, 2.36 pounds of marijuana.
Based on the evidence presented, the jury convicted Clemons of trafficking in cannabis.
 II.
Clemons contends that the trial court erred in its oral charge to the jury. Specifically, Clemons contends that the trial court's allegedly erroneous jury instruction created a variance between the indictment and the court's oral charge, thus constructively amending the indictment and broadening the charges against him. Therefore, he claims, "the trial court's failure to instruct on the date contained in the indictment or any time reasonably near that date or before the finding date of the indictment did violate appellant's constitutional right to be tried and convicted only on the charge alleged in the indictment."
Our examination of the record reveals that Clemons did not object to the trial court's allegedly erroneous jury instruction. Therefore, this claim was not preserved for appellate review. Rule 21.3, Ala.R.Crim.P., provides in pertinent part:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection."
Likewise, this Court recently reiterated well-established Alabama law that "an error caused by an alleged variance between the indictment and the trial court's oral charge to the jury must be preserved by objection." Baker v. State, [Ms. CR-00-0155, May 25, 2001] ___ So.2d ___
(Ala.Crim.App. 2001). Because Clemons did not object to the court's oral charge, nothing is preserved for this Court's review.
 III.
Clemons also argues that because he was representing himself, this Court should address the merits of his erroneous-jury-instruction claim because, he says, the claim involves subject-matter jurisdiction.
Initially, we note that Clemons's pro se status has no bearing on his claim.[1] *Page 320 
Although Clemons elected to proceed pro se, he was, nevertheless, required to comply with all applicable rules of criminal procedure. "`The right of self-representation does not exempt a party from compliance with the relevant rules of procedural law.'" Moye v. City of Foley,632 So.2d 1012, 1012 (Ala.Crim.App. 1993) (quoting Hill v. State,571 So.2d 1297, 1299 (Ala.Crim.App. 1990)).
We further note that Clemons's reliance on this Court's decision inGamble v. State, 758 So.2d 1125 (Ala.Crim.App. 1999), is misplaced, for two reasons. First, in light of this Court's holding in Baker v. State, supra, ___ So.2d at ___ (a variance between an indictment and the trial court's charge that is only a misdescription of an element of the offense does not affect the jurisdiction of the trial court — a holding consistent with Judge Long's dissenting opinion in Gamble), we question whether Gamble remains "good law." Second, Gamble is factually distinguishable from the case at bar. In Gamble, the defendant was charged with second-degree assault, an offense defined in a number of alternate ways. See § 13A-6-21(a)(1) through (6), Ala. Code 1975. However, in the instant case, Clemons was charged with trafficking in cannabis, an offense defined in just one way. The indictment returned against Clemons charged:
 "The Grand Jury of said County further charges that before the finding of this indictment, David Clemons, whose name is to the Grand Jury otherwise unknown, did, knowingly and unlawfully possess actually or constructively on, to-wit: January 28, 1999, in or near Decatur, Morgan County, Alabama, a quantity of cannabis in excess of 2.2 pounds, but less than 100 pounds, in violation of Section 13A-12-231 of the Code of Alabama."
The trial court's oral charge covered all of the elements of trafficking in cannabis; it merely failed to make any reference as to the date of the alleged offense. However, we conclude that such an omission does not affect the subject-matter jurisdiction of the trial court, given that the court read the indictment to the jury at the beginning of the trial, thereby placing the jury on notice as to the date of the offense for which Clemons was being tried. Under such circumstances, the trial court's failure to charge the jury as to the date of the alleged offense did not constructively amend the indictment, and thus, did not affect the subject-matter jurisdiction of the trial court. Therefore, no basis for reversal exists as to this claim.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMillan, P.J., concurs; Shaw, J., concurs in the result; Cobb, J., concurs in part and dissents in part, with opinion; Baschab, J., dissents, with opinion.
[1] Although the issue was not specifically raised on appeal, our review of the record reflects that Clemons was not indigent, and that he was therefore not entitled to court-appointed counsel. See Robinson v.State, 584 So.2d 533, 537 (Ala.Crim.App.), cert. quashed, 584 So.2d 542
(Ala. 1991). Moreover, the trial court gave Clemons ample opportunity to retain counsel. Indeed, his arraignment was rescheduled three times to allow him an opportunity to retain counsel. On each occasion, the trial court warned Clemons that the failure to retain an attorney before the next arraignment date would be considered a waiver of his right to counsel. Given these circumstances, we conclude that Clemons waived his right to counsel. See Monte v. State, 690 So.2d 517, 519 (Ala.Crim.App. 1996); Johnston v. City of Irondale, 671 So.2d 777, 779 (Ala.Crim.App.), cert. denied, 671 So.2d 780 (Ala. 1995); Warren v. City of Enterprise,641 So.2d 1312, 1316 (Ala.Crim.App. 1994); Siniard v. State,491 So.2d 1062, 1064 (Ala.Crim.App. 1986).