842 So.2d 30 (2002)
Harry John COUGHLIN, Jr.
v.
STATE of Alabama.
CR-00-2610.
Court of Criminal Appeals of Alabama.
May 31, 2002.
Rehearing Denied August 2, 2002.
*32 Harry John Coughlin, Jr., pro se.
Bill Pryor, atty. gen., and Cecil G. Brendle, Jr., asst. atty. gen., for appellee.
COBB, Judge.
We address all of Harry John Coughlin, Jr.'s, arguments and affirm the trial court's judgment in an unpublished memorandum. Coughlin v. State (No. CR-00-2610, May 31, 2002), ___ So.2d ___ (Ala. Crim.App.2002) (table). However, we felt it necessary to address the dissent both in this case and in the similar case, also affirmed by unpublished memorandum, of Coughlin v. State, (No. CR-00-2114, March 1, 2002) 837 So.2d 326 (Ala.Crim. App.2002) (Baschab, J., dissenting). See also Clemons v. State, 814 So.2d 317 (Ala. Crim.App.2001) (Baschab, J., dissenting).
Coughlin, a nonindigent defendant, represented himself at trial. The dissent maintains that his conviction should be reversed and the cause remanded for a new trial because the record does not affirmatively indicate that the trial court ever advised Coughlin of the dangers and disadvantages of self-representation, as required by Faretta v. California, 422 *33 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and because the trial court never advised Coughlin that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, as required by Rule 6.1(b), Ala. R.Crim. P. Coughlin did not raise these arguments at trial and does not present either of these arguments on appeal. The dissent apparently believes that it is not sufficient that the record reflects that Coughlin, a nonindigent defendant, appeared at trial without counsel "after having been given a reasonable time to retain counsel." Rule 6.1(b). The dissent maintains that, in order for a nonindigent defendant to represent himself, he must waive his right to counsel knowingly, intelligently, and voluntarily; the dissent also apparently maintains that such a waiver of the right to counsel is knowing and intelligent only when a nonindigent defendant and the trial court follow the letter of Rule 6.1(b) and Faretta. Certainly a waiver of counsel must be knowing and intelligent; it is the latter portion of the dissent's proposition with which we take issue.
A defendant's decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, [Ms. CR-00-2495, March 22, 2002] ___ So.2d ___, ___ (Ala.Crim. App.2002), this Court pointed out:
"`The constitutional "right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void." People v. Carroll, 140 Cal.App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v. Zerbst [, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir. 1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Cr.App.1993) ("the appellant's ... right to have counsel appointed on appeal [is a] jurisdictional matter[ ]"); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation "will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty").'
"Berry v. State, 630 So.2d 127, 130 (Ala. Crim.App.1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (`"If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.... The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus."' (quoting Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938))); Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter)."
Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.
"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accusedwhose life or liberty *34 is at stakeis without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."
Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
Rule 6.1(b), Ala. R.Crim. P., provides a framework to ensure that a defendant's waiver of counsel is knowing and intelligent:
"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings....
"If a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed. If an indigent defendant who has refused appointed counsel in order to obtain private counsel appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the court shall appoint counsel unless the indigent defendant waives his right under this rule. If the indigent defendant continues to refuse appointed counsel, the cause shall proceed."
See also Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must `knowingly and intelligently' forgo those relinquished benefits.").
Although a written waiver of counsel or an affirmative waiver transcribed on the record would be preferable, a waiver of the right to counsel can be otherwise indicated:
"`"[W]here a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney."' Siniard v. State, 491 So.2d 1062, 1064 (Ala.Cr.App. 1986)."
Warren v. City of Enterprise, 641 So.2d 1312, 1316 (Ala.Crim.App.1994). See also Rule 6.1(b).
Thus, it is the nonindigent defendant's act of appearing at any proceeding without counsel, after having been given a reasonable time to retain counsel, that serves as a waiver of his right to counsel "on the record." Rule 6.1(b).
Certainly, the provisions of Rule 6.1(b) are mandatory, and, if a defendant properly preserves and presents an argument on appeal that the trial court faltered in its application of the mandatory provisions of Rule 6.1(b), he is entitled to relief. See, e.g., Ex parte King, 797 So.2d 1191 (Ala.2001). However, the fact that a trial court forgoes those provisions does not necessarily indicate that a defendant unknowingly, unintelligently, and involuntarily has waived his right to counsel. That is, *35 the fact that a trial court fails to abide by the letter of Rule 6.1(b) and Faretta does not necessarily result in the defendant's being deprived of counsel and, thus, the trial court's being jurisdictionally barred from rendering a judgment. See Tomlin v. State, 601 So.2d 124, 128 (Ala.1991) ("Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant."). See also Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065 (11th Cir.1986) ("The ultimate test is not the trial court's express advice, but rather the defendant's understanding.").
Whether a defendant who chooses to represent himself has knowingly, intelligently, and voluntarily waived his right to counsel can be indicated by the record or by the totality of the circumstances surrounding the waiver. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ("The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."). See also Clemons v. State, 814 So.2d 317 (Ala. Crim.App.2001) (citing Monte v. State, 690 So.2d 517 (Ala.Crim.App.1996)); Johnston v. City of Irondale, 671 So.2d 777 (Ala. Crim.App.1995); Warren v. City of Enterprise, 641 So.2d 1312 (Ala.Crim.App.1994); Siniard v. State, 491 So.2d 1062 (Ala.Crim. App.1986). See also Faretta, 422 U.S. at 835, 95 S.Ct. 2525 ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. [269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)].").
From the reasoning above, we conclude that, although certainly some sort of colloquy or waiver hearing is preferable, it is not a per se denial of the right to counsel when a defendant represents himself without the record affirmatively showing that the trial court followed the procedures of Rule 6.1(b) or issued the warnings against self-representation found in Faretta. Rather, it is sufficient that a defendant knowingly, intelligently, and voluntarily waives his right to counsel "in writing or on the record." Rule 6.1(b). When a nonindigent defendant appears at any proceeding without counsel, after having been given reasonable time to find counsel, the defendant has waived his right to counsel on the record. In order to determine whether that waiver is knowing, intelligent, and voluntary, this Court will consider the totality of the circumstances surrounding the nonindigent defendant's waiver of the right to counsel and his choice to represent himself, including the background, experience, and conduct of the accused. See Zerbst, supra.
In the present case, admittedly, the case action summary and the transcript of the proceedings are silent as to Coughlin's decision to represent himself. See Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App.1980) ("If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record."). However, in addition to the fact that Coughlin does not contest the voluntariness of his self-representation, the circumstances surrounding his decision to represent himself otherwise indicate that *36 he knowingly, intelligently, and voluntarily waived his right to counsel.
First, the record in this case reflects that Coughlin never applied for, and was never granted, indigent status. Coughlin was arrested on February 9, 2001, and his proceedings in circuit court began on August 1, 2001; Coughlin had more than six months to retain counsel. Coughlin, as a nonindigent defendant, was given a reasonable time to retain counsel and chose not to do so; therefore, he has waived his right to counsel on the record.
Second, Coughlin's background and experience indicate that this waiver was knowing, intelligent, and voluntary. This Court is not unaware of the litigious nature of Coughlin and his mother, Bettye, and of their frequent courtroom visits. The Coughlins have been before the appellate courts of Alabama numerous times concerning criminal matters.[1]See Ex parte Coughlin, (No. 1991218) 787 So.2d 730 (Ala.2000) (table) (denying certiorari review); Ex parte Coughlin, (No. 1990983) 787 So.2d 728 (Ala.2000) (table) (denying certiorari review); Ex parte Coughlin, (No. CR-88-1547) 596 So.2d 59 (Ala.1989) (table) (certiorari stricken); Coughlin v. State, (No. CR-00-2114, March 1, 2002) 837 So.2d 326 (Ala.Crim.App.2002) (affirming the convictions and sentences); Coughlin v. City of Birmingham, (No. CR-98-2512) 805 So.2d 791 (Ala.Crim.App.2000) (table) (affirming conviction and denying rehearing on $25 parking fine); Coughlin v. State, (No. CR-98-2460) 805 So.2d 790 (Ala.Crim.App.2000) (table) (dismissing as deficient an appeal from a disorderly conduct conviction); Coughlin v. State, (No. CR-98-2459) 805 So.2d 790 (Ala.Crim.App. 2000) (table) (dismissing as deficient an appeal from a disorderly conduct conviction); Ex parte Coughlin, (No. CR-99-0437) 796 So.2d 466 (Ala.Crim.App.1999) (table) (dismissing a habeas corpus petition); Ex parte Coughlin, (No. CR-98-2346) 778 So.2d 886 (Ala.Crim.App.1999) (table) (dismissing a petition for a writ of mandamus); Ex parte Coughlin, (No. CR-98-2091) 778 So.2d 884 (Ala.Crim.App. 1999) (table) (dismissing a petition for a writ of prohibition); Ex parte Coughlin, (No. CR-98-0482) 767 So.2d 422 (Ala. Crim.App.1999) (table) (dismissing an unidentified petition); Coughlin v. City of Birmingham, 701 So.2d 830 (Ala.Crim. App.1997) (holding that the handwritten word "fury" in the right margin of the notice of appeal form was sufficiently timely and proper written demand for a jury trial under the circumstances); Coughlin v. City of Birmingham, (No. 6 Div. 887) 553 So.2d 137 (Ala.Crim.App.1989) (table) (rehearing denied); Coughlin v. City of Birmingham, (No. 6 Div. 887) 550 So.2d 1087 (Ala.Crim.App.1989) (table) (conviction and sentence affirmed); Ex parte Coughlin, (No. 6 Div. 855) 537 So.2d 70 (Ala.Crim.App.1988) (table) (denying a petition for a writ of mandamus); and Coughlin v. State, 56 Ala.App. 225, 320 So.2d 739 (1975) (reversed and remanded Bettye Coughlin's conviction and sentence, holding that, for an order of a police officer to be "lawful" within the meaning of the statute, the order must be directly related to direction, control, and regulation of traffic, and that, under the circumstances, the statute was not violated).
We recognize that generally we do not look outside the record before us on appeal. See Scroggins v. Alabama Gas Corp., 275 Ala. 650, 158 So.2d 90 (1963). However, in this rarest of instancesa nonindigent defendant represents himself and does not complain on appeal *37 about his decision to do so, but the transcript contains not even the slightest indication that his decision was voluntary this Court takes judicial notice of Coughlin's legal experience; we do not consider any evidence outside the record that otherwise relates to his arguments and allegations on appeal. See Allred v. Shirley, 598 So.2d 1347, 1348 (Ala.1992). We consider the fact that, as far as our records indicate, neither of the Coughlins have ever applied for indigent status; they have always chosen to represent themselves, and they have done so with relish. In fact, at times, Coughlin has claimed to be an attorney. Coughlin (No. CR-00-2114), supra.
It is entirely possible that the trial judge as well, having dealt with Coughlin more than a few times, was aware of his affinity for litigation and therefore found it unnecessary to adhere stringently to Rule 6.1. Where a trial judge has knowledge of an overly litigious defendant, it would certainly be sufficient that the judge explain the situation on the case action summary or in a short order.
Finally, Coughlin's conduct in this case indicates a penchant and an acuity for self-representation. The record reflects that Coughlin did not object to representing himself and, in fact, appeared to enjoy his day in court. Coughlin's case was originally tried in the district court, wherein he filed several pretrial and posttrial motions, as he ultimately did during the de novo proceedings in the circuit court. Coughlin's examination of witnesses was extensive, as were his opening and closing statements.
Although the record appears not to contain any information regarding whether Coughlin was apprised of the dangers of self-representation or of his right to withdraw his waiver of counsel, there is no need to reverse the trial court's judgment and to order a new trial. Taking into consideration the totality of the circumstances of Coughlin's case, we conclude that Coughlin's waiver of counsel was otherwise voluntary and knowing, even though the trial court failed to abide by Rule 6.1(b) or Faretta.
AFFIRMED.[*]
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., dissents, with opinion.
BASCHAB, Judge, dissenting.
I must respectfully dissent. On August 1, 2001, the appellant, who did not request indigency status, appeared without counsel, and the trial began with the appellant representing himself. However, the record does not indicate that the trial court ever specifically advised the appellant about the dangers and disadvantages of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
"In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish *38 that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991). In addition, the trial court did not advise the appellant that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, as required by Rule 6.1(b), Ala. R.Crim. P. Rule 6.1(b), Ala. R.Crim. P., states, in part: "If a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed." However, the previous paragraph of Rule 6.1(b), Ala. R.Crim. P., which does not distinguish between indigent and nonindigent defendants, provides, in pertinent part:
"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Finally, the Committee Comments to Rule 6.1 state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver."
I recognize that the appellant does not raise this issue on appeal. However, the right to counsel is fundamental. Where a pro se defendant does not preserve the issue by objecting during the trial or does not raise the issue in his brief to this court, he does not waive appellate review of the issue. The uncounseled defendant probably would not know that he needed to object to preserve the issue for appellate review. Obviously, if the defendant has not been advised of the pitfalls of self-representation and then falls into one of those pits, it is incumbent on this court to provide a review.
Because the record in this case does not indicate that the trial court ever advised the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, we should reverse the trial court's judgment and remand this case for a new trial. See Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998); Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App.1995).
NOTES
[1] The Coughlins have also been involved in numerous civil matters, generally stemming from criminal matters. However, we do not cite these in this opinion.
[*] Note from the reporter of decisions: The same day the opinion in this case was issued, the Court of Criminal Appeals issued an unpublished memorandum affirming the trial court's judgment. That action will appear on a table of decisions without opinions.