I join Judge Baschab's dissent to the majority's unpublished memorandum affirming Michael Allen Swindle's conviction for disorderly conduct. I also respectfully dissent based on the following additional observations.
Swindle contends on appeal that the trial court erred in failing to inform him of the dangers of self-representation and erroneously gave him an "either/or" choice regarding self-representation without informing him that his waiver of the right to counsel could be withdrawn at any point during the trial. (Swindle's brief at p. 13.) Swindle argued that the court's "mere statement that self-representation was `not a good move'" did not satisfy its obligation to "`advise [him] about the dangers and disadvantages of self representation.'" (Swindle's brief at p. 12 (quoting Coughlin v. State,842 So.2d 30, 31-32 (Ala.Crim.App. 2002), citing Faretta v.California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562
(1975))).
The majority in its unpublished memorandum finds that the record did not support Swindle's contentions. Specifically, the majority determines that
 "the trial court had conducted an inquiry that was sufficient to satisfy the requirements of Faretta [v. California, 422 U.S. 806 (1975),] and Rule 6.1(b) [, Ala. Crim. P.] The trial court warned Swindle that he would be required to perform the duties of counsel and that self-representation, in the court's opinion, was not a good idea. The court also told him that, if he chose to represent himself and a question arose, he could consult his court-appointed counsel or he could decide *Page 782 
to `let [the counsel] go ahead and represent [him].'
 ". . . Although the trial court did not use the exact terminology employed in Rule 6.1(b), the court's colloquy was sufficient to comply with the intent of the rule. It is apparent from the record that Swindle understood both the dangers and disadvantages of self representation and his right to have counsel step in during the course of the trial because he repeatedly asked to have the counsel conduct portions of the trial in his behalf. It is also apparent that, although the trial court properly advised Swindle that he could be required to make an `either/or choice,' the court did not hold him to that requirement and repeatedly allowed appointed counsel, at Swindle's request, to make arguments in his behalf."
I believe that the trial court failed to properly advise Swindle of the dangers of defending himself at trial and that the court further failed to advise Swindle of his right to withdraw his waiver of court-appointed counsel. The following transpired at trial:
 "[THE COURT:] Now, Mr. Swindle, as I've said before when I appointed Mr. Thompson, you said you wanted to represent yourself, you have that absolute right to represent yourself. If you are going to exercise that, that's fine, but I kind of need to know before we go in there so that I know who to call on when I'm calling for something from the defense table. If Mr. Thompson and I know that you are going to represent yourself, then Mr. Thompson cannot make objections. All he can do is sit there and assist you. If you have a question, you can stop and we will give you a chance to ask him a question but he won't be making objections for you if you decide to represent yourself. He will be there to assist you. If you have a question, you can consult with him or you can make that decision to let him go ahead and represent you. That's up to you, but I need to know procedurally how we're going to proceed when we go to the courtroom.
 "MR. SWINDLE: I will be representing myself.
 "THE COURT: You understand that means you will have to be the one asking questions to the jury. You will be the one making the strikes when you strike the jury. All he's going to do is be sitting there and answering questions for you.
 "MR. SWINDLE: Yes, sir.
 "THE COURT: I don't think that is a good move on your part and I will tell you that. But it is your absolute right and I will see that the trial is conducted in conformity with your desires. Are y'all ready to go strike a jury?"
(R. 12-13.) (Emphasis added.)
I believe that the above colloquy, in particular the statement — "If you have a question, you can consult with him oryou can make that decision to let him go ahead and representyou. That's up to you, but I need to know procedurally how we're going to proceed when we go to the courtroom" — left Swindle with the understanding that he had to choose before the trial commenced to either accept representation by counsel, or forever forfeit his right to representation by counsel and accept "hybrid" representation for the duration of the trial. (R. 12-13.) This, as Judge Baschab discussed in her special writing, does not comply with Faretta or Rule 6.1, Ala. R.Crim. P. Thus, I disagree with the majority's conclusion that Swindle was adequately advised of his right to counsel.
I also disagree with majority's conclusion that Swindle was adequately advised of his right to withdraw his waiver of counsel. The majority states, *Page 783 
 "It is apparent from the record that Swindle understood both the dangers and disadvantages of self representation and his right to have counsel step in during the course of the trial because he repeatedly asked to have the counsel conduct portions of the trial in his behalf. It is also apparent that, although the trial court properly advised Swindle that he could be required to make an `either/or choice,' the court did not hold him to that requirement and repeatedly allowed appointed counsel, at Swindle's request, to make arguments in his behalf"
The record reflects the following regarding counsel's assistance: Early in the trial, counsel made an objection that was unsolicited by Swindle. The prosecutor beckoned the trial court, after which, a bench conference was conducted off the record. (R. 82.) The judge called for Swindle to approach the bench for the conference, not Swindle's standby counsel. No further comments were offered by counsel until, at counsel's request, Swindle allowed counsel to make a motion for a judgment of acquittal at the end of the State's case and again at the end of the defense's case. (R. 280-81 and R. 375.) Counsel answered a direct question from the trial court regarding a pretrial stipulation made between counsel and the prosecution. (R. 374.) Swindle requested that counsel present closing argument to the jury. (R. 382.) Counsel made an objection, unsolicited by Swindle, to the trial court's refusal to give a requested jury charge. (R. 412.)
Thus, it was not until the State rested its case thatcounsel requested permission from Swindle to act on Swindle's behalf and move for a judgment of acquittal. Following that, other than the comments regarding the stipulation, counsel was silent until Swindle rested his case. At that time, Swindle permitted counsel to renew a motion for a judgment of acquittal on Swindle's behalf. Swindle did request that counsel present closing argument. However, I do not believe that the record reflects that Swindle "repeatedly asked to have the counselconduct portions of the trial in his behalf" to such an extent that it is "apparent" that Swindle understood that he had a right to withdraw his waiver of counsel. I believe that over the course of 418 pages of transcript, counsel provided little assistance and that the majority of the assistance was provided after counsel's supplication.
Based on the above, I must disagree with the majority that it is "apparent from the record that Swindle understood both the dangers and disadvantages of self representation and his right to have counsel step in during the course of the trial."
Therefore, based on my reading of the record, I do not believe that the colloquy established that Swindle was adequately advised of his right to counsel that he made a "knowing and intelligent" waiver of his right to counsel. Thus, I would reverse Swindle's conviction and remand this case for a new trial.