MURDOCK, Justice
(dissenting).
I respectfully dissent for two reasons. First, I find the manner in which we now articulate Sixth Amendment right-to-counsel issues confusing, sufficiently so that it could impact the results in some cases. Second, although the Court of Criminal Appeals did not articulate the issues in the now required manner, I read its opinion as already deciding (and reaching the correct conclusions as to) the necessary Sixth Amendment issues.
As to the former concern, if a criminal defendant has good reason for having discharged his counsel and for not having done so until the eve of trial, I do not see how this can be referred to as a “waiver” of the right to counsel. A criminal defendant forced to choose between going to trial with counsel whom he has good cause to discharge on the eve of trial or with no counsel at all, and who chooses no counsel, has not “waived” the right to counsel in the formal, voluntary sense presented in foundational cases such as Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which focus simply on *591 whether voluntary waivers are made “knowingly and intelligently.” I find it confusing for us to speak of an “implied waiver” under such circumstances, but then add that we must proceed to separately consider whether that “waiver” was “voluntary.” By the same token, I find it confusing to declare that a defendant has run afoul of Rule 6.1, Ala. R.Crim. P., and thus “waived” his right to counsel when he appears at trial without retained counsel under circumstances of the nature presented in this case, but then suggest that we will proceed to consider separately whether his decision to do so was made in good faith and whether he was afforded a “reasonable time” within which to retain replacement counsel.
More substantively, but against the backdrop of these concerns, I note my agreement with that portion of the opinion of the Court of Criminal Appeals that speaks of the lack of evidence of an “implied waiver.” I read the Court’s statements in this regard, including the passages emphasized below, to mean that the “reasonable time” requirement of Rule 6.1 was not satisfied under the circumstances presented here and that, concomitantly, there was no evidence of a “waiver” in a normal, voluntary sense:
“Harris repeatedly informed the court that he did not want to appear pro se and that he wanted his newly retained counsel to represent him. Furthermore, just as we found in Cobble [v. State, 710 So.2d 539 (Ala.Crim.App.1998) ], the record does not establish that Harris appeared for trial without counsel after he was repeatedly urged by the trial court to retain counsel. To the contrary, the record before us reflects that, as soon as Harris learned that defense counsel had filed for a continuance stating that they were not prepared for trial, and as soon as he had concluded that they did not adequately understand the nature of the case against him, he terminated their services and retained another attorney. The trial had not been continued previously due to any delay tactics on Harris’s part; in fact, the record reflects that the case had been continued, but only on motions of the State or joint motions from both parties, because of, in part, the extensive discovery in the case. The only defense motion seeking a continuance was the one filed by Chestnut and Pitts approximately two weeks before trial, in which they alleged they had not had time to review the evidence or to prepare for trial. The facts on the record before us permit no finding of an implied waiver of counsel caused by any failure on Harris’s part to retain counsel after having been given a reasonable time to do so. Rule 6.1(b), Ala. R.Crim. P. Rather, it appears that upon learning that his retained attorneys were not prepared and upon concluding that they did not understand the case, Harris acted promptly to retain the services of another attorney, who certainly would have been entitled to obtain the voluminous evidence and to prepare his client’s case for trial. Therefore, we find that the State of Alabama failed to sustain its burden of proving that Harris had impliedly waived his constitutional right to counsel”
Harris v. State, 27 So.3d 564, 578-79 (Ala.Crim.App.2007) (emphasis added; footnote omitted).[8]
*592 In Coughlin v. State, 842 So.2d 30 (Ala.Crim.App.2002), the Court of Criminal Appeals noted that the criminal defendant did not contest the voluntariness of his self-representation and, after reviewing the circumstances presented, concluded that the defendant did voluntarily waive his right to counsel. 842 So.2d at 35-37. As is apparent from a comparison of the facts in Coughlin and the facts in the present case as outlined in the opinion of the Court of Criminal Appeals, the facts of the present case are materially different than those in Coughlin. Based on the facts here, the Court of Criminal Appeals correctly determined that the record in the present case is not sufficient to support the conclusion that Harris voluntarily waived his right to counsel.
Even if that distinction from Coughlin were removed, i.e., if we could say that Harris voluntarily waived his right to counsel, the Court of Criminal Appeals already has made the further findings Coughlin requires as to whether that waiver was sufficiently knowing and intelligent to pass constitutional muster. The Court of Criminal Appeals discusses the requirement that a criminal defendant be adequately advised of his need for counsel and the risks of self-representation in a situation where the defendant discharges his attorneys on the eve of trial for the purpose of delaying the trial. If that is what Harris did, then he was in a real sense voluntarily choosing to discharge his counsel and to proceed without them. The point made by the Court of Criminal Appeals in the final portion of its opinion is that, before allowing Harris to finalize this choice,[9] Harris should have been fully informed of the risks associated with that choice. Thus the Court of Criminal Appeals conclusion that
“even if we agreed with the trial court that Harris was deliberately attempting to delay the trial by making unwarranted accusations regarding defense counsel, we would still be compelled to reverse the conviction here because the trial court made no effort to advise Harris of the pitfalls associated with self-representation. See, e.g., Williams v. State, 958 So.2d 911, 913 (Ala.Crim.App.2006) (‘Even if we were to hold that the appellant impliedly waived his right to counsel when he fired his attorney during a recess in the proceedings, the record in this case does not indicate that the trial court ever advised the appellant about the dangers and disadvantages of self-representation ....
Harris v. State, 27 So.3d at 579.
In Coughlin, the Court acknowledged the requirement imposed by Faretta v. California that, as a general rule, criminal defendants be expressly advised of the dangers of self-representation, but concluded that the particular facts of that case allowed it to conclude that Coughlin’s waiver was knowing and intelligent even without the benefit of an express Faretta warning. The record in the present case is in this respect also materially different from the record in Coughlin; there is no basis in that record for the Court of Criminal Appeals to have reached the conclusion, as it did in Coughlin, that the “knowing and intelligent” requirement was met without the benefit of a Faretta warning. *593 Thus, I believe the Court of Criminal Appeals already has decided the “knowing and intelligent” issues contemplated by Coughlin and that it has reached proper conclusions given the record before it.
Because I find the reasoning and the result reached by the Court of Criminal Appeals appropriate, and to be consistent with Coughlin, I see no need for a remand. I would affirm the judgment of the Court of Criminal Appeals.

. Throughout its opinion, the Court of Criminal Appeals indicates its awareness of the fact that the defendant was not indigent. Contrary to the main opinion, I do not believe that the Court of Criminal Appeals drew more (particularly in the way of constitutional prin *592 ciples) from cases involving indigent defendants than it properly could, and did, synthesize in formulating its conclusions as to the constitutional rights of a nonindigent defendant.

. Although Harris had fired his attorneys several days before trial, at least one of those attorneys was in the courtroom with him and was still available to serve as his counsel at trial, at Harris’s election and/or the trial court’s direction.