KELLUM, Judge,
concurring in part and concurring in the result.
I concur with Parts I and III of the majority’s unpublished memorandum. As to Part II, I concur only in the result because I believe this Court’s holding that Herbert Lee Buckhannon, Jr,, was represented by counsel at all critical stages of the proceedings conflicts with this Court’s opinion in Shaw v. State, 148 So.3d 745, 758-59 (Ala.Crim.App.2013), in which we recognized that when an attorney withdraws from representing a defendant but later appears at a proceeding purporting to represent the defendant, the defendant is effectively without counsel at that proceeding. Nonetheless, after thoroughly reviewing Buckhannon’s Rule 32, Ala. R.Crim. P., petition for postconviction relief, I do not believe that Buckhannon sufficiently ' pleaded his claim that he' was denied counsel at critical stages of the proceedings. It is well settled that the denial of counsel at a critical stage of the *57 proceedings is a jurisdictional defect. However, “it is the lack of counsel, coupled mth the absence of a knowing and intelli-g'ent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his [or her] prosecution.” Coughlin v. State, 842 So.2d 30, 33 (Ala.Crim.App.2002) (emphasis added). In this case, although Buckhannon sufficiently alleged that he lacked counsel at critical stages of the proceedings, he failed to allege that he did not knowingly and voluntarily waive his right to counsel at those .proceedings. Therefore, Buckhannon failed to sufficiently plead his claim and summary dismissal was appropriate.