314 So.2d 908

**Clete KING**

**v.**

**STATE.**

**6 Div. 760.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 27, 1975.

---◆---

Sanford D. Weiss, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Kermit M. Downs, Asst. Atty. Gen., for the State, appellee.

DeCARLO, Judge.

In a two-count indictment, Clete King was charged with false pretenses and selling, removing or concealing property covered by lien or claim. After a trial where he undertook his own representation, he was convicted on the second count and sentenced to three years.

I

He now complains the court committed reversible error when it did not advise him of the hazards of representing himself. Counsel argues the record must show accused was offered counsel but intelligently and understandingly rejected the offer. He declares anything less is not a waiver.

The question is not whether the trial judge adhered to a specific procedure but whether accused was competent to exercise an intelligent, informed judgment. *United States v. McGee*, 7 Cir., 242 F.2d 520.

Although the record does not affirmatively show an interrogation by the court on this matter of pro se representation and waiver of counsel, it is not a silent record as characterized by *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70. There is a proper showing, on the record taken as a whole, that appellant knowingly waived his right to counsel, *United States v. Plattner*, 2 Cir., 330 F.2d 271. This is indicated first by an Amendment to the Indictment which reads:

> ". . . and after having had leave of the Court, and with and by the agreement in open Court of the defendant, Clete King, *who has previously in the record indicated to the Court that he is financially able to employ an Attorney of his choice but who wishes to represent himself without the benefit of any legal counsel whatever*, amends the Indictment by correcting a typographical error in the Vehicle Identification Number from PM43LOF179233 to read Vehicle Identification Number PM43LOF-129233 in both Count one and Count two of the Indictment." (Emphasis ours).

This infers that the court had inquired into the appellant's decision to proceed without assistance of counsel.

Secondly, this information is contained in the judgment entry:

"1974, April 17th, The defendant herein informs the Court that he does not have counsel to represent him herein and asks the court to appoint counsel to represent defendant and in response to such request the Court hereby appoints Honorable Finis St. John III, a practicing and duly licensed attorney of the Alabama Bar, who is well educated and trained and a graduate of the University of Alabama Law School, to represent defendant in this case and said attorney accepts such appointment and agrees to represent defendant in this case as his attorney.

"1974, April 17th, The defendant, with his attorney of record, being present in open Court for arraignment, defendant having waived reading of indictment, Defendant then pleads not guilty. Case set for trial on May 13, 1974.

"1974, May 13, This day in open Court comes the Defendant with his court appointed attorney, Hon. F. E. St. John III, and advises the court that he is not indigent, that he is employed, able and desires to employ an attorney of his choice.

"It is, therefore, considered, ordered and adjudged by the court that Hon. F. E. St. John III, be and hereby is relieved of any duties as the attorney for defendant. "It is further, considered, ordered and adjudged that this case be continued until May 27, 1974, to allow defendant to employ his own attorney.

"1974, May 28, This day in open Court comes the defendant, Clete King, who *represents himself* and comes also Hon. Julian Bland, District Attorney, for the State of Alabama, and defendant having heretofore been arraigned and having plead not guilty, this case proceeds to trial with a jury. (Emphasis ours).

"1974, May 29, Comes now the Foreman, Larry E. White, and eleven other jurors, who, having been impanelled and sworn according to law, and having heard all the evidence and the Court's oral charge in this case upon their oaths do say: 'We, the Jury, find the defendant guilty as charged in Count Two of the Indictment.'

"It is therefore, considered, ordered and adjudged by the Court that the defendant is guilty of Selling, Removing or Concealing Property Covered by Lein [sic] or Claim.

"1974, May 29th, Defendant being in open Court and being then asked by the Court if he had anything to say why the sentence of the law should not now be pronounced on him the defendant says, 'No Sir. The Court has been fair. I have no objections to the Court.' "

From these recitals we can certainly conclude that appellant demonstrated an awareness of the necessity of counsel, and the right to counsel of his choice or court-appointed counsel.

Preceding appellant's testimony in the transcript we find these statements by the court:

". . . Now as I told you earlier, Mr. King, is the defendant in this case, he going to represent himself. He has a legal right to do that . . ."

\* \* \* \* \* \*

". . . Put this into the record. Now, ladies and gentlemen, what you expect in the course of this trial is that the attorneys first of all, *let me say that the case is somewhat different in respect to a normal case in that Mr. Clete King here, the defendant, has elected to represent himself without the benefit of an attorney. He has a right to do that . . .*" (Emphasis ours).

"Let the record further reflect that Mr. King is the defendant in this case and he is appearing here as a witness *without benefit of counsel at his own choosing.*" (Emphasis ours).

This statement by the court reiterates appellant's prior determination to proceed without the benefit of counsel.

The facts do not indicate appellant's age but show he worked for Courtesy Ford Motor Co., in Montgomery, Alabama, for two and one-half to three years. Further, there is evidence he had sold some fifty cars at Alton Creel's Auto Auction in Cullman, Alabama. Appellant testified he had gone out of the car business and moved to Mobile for the purpose of entering medical school. After his arrest on these charges he lost his job and had to drop out of school.

The foregoing facts illustrate that appellant appeared to possess sufficient intelligence and a capacity to appreciate the consequences of a pro se defense.

These comments by appellant during the trial displayed his comprehension of the charges and proceedings against him:

". . . I am an ex-convict. I had to serve seventeen months and fifteen days in federal prison. I have the knowledge and I know what would happen to me if I sold mortgaged property. And there is no way in the world that I would do it. I have never sold—never been arrested before the time that I was arrested for buying stolen tractors . . ."

Throughout this trial the court allowed appellant an abundant leeway in the conduct of his defense and on numerous occasions came to his assistance.

Clete King was on trial for a non-capital felony and was certainly not a newcomer to the judicial processes. Based upon the foregoing, we believe he knowingly made the choice to conduct his own defense with his eyes open.

It could be said the case at bar is a prime example of a trial with "built-in error." Regardless of how a court proceeds, it could fall into error. This problem will always exist for the trial judge when a defendant asserts the right to try his own

case. If granted, upon reflection, the defendant most likely would attack his conviction, claiming he did not understand what he was doing or that the court should have given him counsel. On the other hand, if the request is denied, then he could complain a constitutional right had been withheld. Courts should not be manipulated in this manner.

II

Appellant maintains the evidence did not sufficiently show he had sold the car covered by the bank's claim and reasons that because the testimony concerning the car's identification was evenly divided, he should have been acquitted. *Lester v. State,* 270 Ala. 631, 121 So.2d 110.

In essence, appellant is asserting these facts elicited at trial were insufficient to prove his guilt beyond a reasonable doubt. Robert Petrey, assistant cashier of the First National Bank of Montgomery, transacted a loan for Clete King on August 4, 1972, for the purchase of a 1970 Plymouth, from Courtesy Ford Motor Co., of Montgomery. All the paper work was completed except for the serial number which appellant was to call and give him. Later, by telephone, Mr. King furnished the serial number and that afternoon returned to pick up his check. Serial Number PM43LOF129233 was inserted on the Security Agreement and Financial Statement by Mr. Petrey, but it was not added to those copies previously given appellant. The loan officer acknowledged that King had made several loans in the past and had called in serial numbers one or more times.

On August 17, 1972, while the debt was still outstanding, the 1970 Plymouth was sold to Grant Wales through the Alton Creel Auto Auction in Cullman. Wales paid $1,375.00, and received a Bill of Sale showing Clete King as seller and bearing serial number PM43LOF129233.

Alton Creel, operator of the auto auction, testified he learned that a mortgage

was outstanding on the car about November 14, 1973, and after confronting appellant about this, King said he would take care of it that weekend. However, when he failed to do so by the following Wednesday, Mr. Creel paid the indebtedness and received an assignment.

In a telephone conversation with W. S. Brewbaker, an attorney for the First National Bank, King admitted owing the money but stated the car sold through the auction was not the vehicle covered by the bank's mortgage.

Appellant denied selling the car financed by the bank and maintained it was still in Montgomery. He claimed the purchase money check was given to him at the time Mr. Petrey prepared the loan papers, and he did not then or at a later time give the bank a serial number.

As often stated by our courts, conflicting testimony presents a jury question, *Cooper v. State,* 31 Ala.App. 356, 18 So.2d 420, and it is within the jury's province to determine the weight or credibility to be accorded witnesses' testimony, *Jones v. State,* 40 Ala.App. 419, 114 So.2d 575.

In our judgment, the foregoing facts presented questions for the jury's determination and were sufficient to sustain the conviction. The motion for a new trial was properly overruled.

### III

To sustain the appellant's conviction under Title 14, Section 363, Code of Alabama, the State must prove that the bank had a lawful and valid claim to the car sold by the appellant, *Williams v. State,* 40 Ala. 687, 122 So.2d 549. Appellant insists his transaction with the bank was not executed in compliance with Title 5 Section 319(b), Code of Alabama, and that deficiency would cause the abatement of any civil action. Further, since no right to a civil action exists, there cannot be a "lawful or valid claim" on which to predicate the criminal charge.

 The State responds that the accord between the bank and appellant created an equitable lien, which existed in favor of the bank regardless of the validity of any legal lien. *Layfield v. Lewis,* 268 Ala. 666, 109 So.2d 838; *Rhodes v. Schofield,* 263 Ala. 256, 82 So.2d 236.

It is our judgment the State's contention is correct based on the holding in *Courtney v. State,* 10 Ala.App. 141, 65 So. 433, that equitable liens come within the purview of this statute.

Our search of the record revealed no error.

Affirmed.

All the Judges concur.