The appellant, Charles Teske, was indicted, by separate indictments, for the offense of assault in the first degree, as proscribed by § 13A-6-20, Code of Alabama 1975, with his elderly parents being the victims. He was convicted by a jury and sentenced to twenty years' imprisonment for each offense, with the sentences to run concurrently.
The only issue we find necessary to address is whether the record supports the conclusion that Teske knowingly and intelligently waived his Sixth Amendment right to representation by counsel at trial, as required by the United States Constitution. See, e.g., Faretta v. California,422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In regard to this issue, the record reflects the following:
 "BY THE COURT: Mr. Teske, I just want to reiterate that you have the right to have a lawyer represent you. Do you still not want a lawyer to represent you?
"BY THE DEFENDANT: That's right.
 "BY THE COURT: I have appointed Mr. Joe Hudson to be here to serve as an advisor but not your lawyer. If he is needed in any way you may ask him a question but he is not here to defend you in any way. Do you understand that?
"BY THE DEFENDANT: Yes, sir, I understand fully."
The record also established the following: Teske represented himself at arraignment. The judgment entry for arraignment reveals that Teske was advised by the trial court of the "nature, substance, and consequences" of the indictment. The court further advised Teske, among other things,
 "of his right to a speedy, public trial on the issues by an impartial jury which would determine his guilt or innocence; of his right to compulsory process of *Page 570 
witnesses in his behalf; of his right to confrontation . . .; of his right to be heard by himself and counsel; of his right to testify in the cause or not testify . . .; of his right to waive all of the above and plead guilty to the indictment . . .; of his right, if convicted, to appeal to a higher court; [and] of his right not to be deprived of life, liberty or property without due process of law."
The judgment entry further shows that the court adjudged Teske as "being capable of making reasonably intelligent, voluntary and conscious decisions and of exercising freedom of choices," and found that Teske "is prepared to exercise such alternatives as are legally his." On August 22, 1986, after the jury had rendered its verdict on August 19, Teske was asked by the trial court if he wanted an attorney to represent him on appeal. Teske replied affirmatively, so the court appointed standby counsel, Mr. Hudson. The appointment order showed that Mr. Hudson was appointed on August 22 for sentencing and appeal. Three days later, at sentencing, Mr. Hudson was present.
From the colloquy quoted above, it appears that Teske affirmatively sought to exercise his right to proceed pro se, which the Faretta Court recognized as being guaranteed by the Sixth Amendment, and to thereby waive his constitutional right to counsel. "It is undeniable that the State cannot force a lawyer upon a defendant in a criminal trial, where the defendant has voluntarily and intelligently elected to proceed without counsel." Clark v. City of Mobile, 357 So.2d 675, 676
(Ala.Cr.App.), cert. denied, 357 So.2d 680 (Ala. 1978) (citing Faretta). However, the following principles must be observed:
 "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.
". . . .
 "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."
Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023,82 L.Ed. 1461 (1938) (footnotes omitted, emphasis added). These principles are equally applicable to asserted waivers of the right to counsel in state criminal proceedings. Carnley v.Cochran, 369 U.S. 506, 515, 82 S.Ct. 884, 889, 8 L.Ed.2d 70
(1962). In the later case of Faretta v. California,422 U.S. at 835, 95 S.Ct. at 2541, wherein the Court held that an accused does have a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so, the Court observed the following:
 "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. Johnson v. Zerbst, 304 U.S., at 464-465
[58 S.Ct. at 1023]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723724 [68 S.Ct. 316, 323, 92 L.Ed. 309 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will *Page 571 
establish that 'he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. [269], 279 [63 S.Ct. 236, 242, 87 L.Ed. 268 [1942]."
While some courts interpret these principles to require that a trial court expressly admonish a defendant of the dangers and pitfalls of self-representation, others construe these principles to require only that it appear from the record as a whole that a defendant's waiver of counsel and decision to represent himself were knowing and intelligent and these other courts held that the focus of the inquiry is not on the information revealed by the court but on the knowledge of the accused, as shown by the circumstances surrounding the waiver. 2 W. LaFave and J. Israel, Criminal Procedure §§ 11.3(b), 11.5(c) (1984) See also People v. Longwith, 125 Cal.App.3d 400,408, 178 Cal.Rptr. 136, 140 (1981) (wherein the court recognized that the modern trend is "not to mandate the giving of some specific warning prior to allowing the defendant to waive his right to counsel," but "to require that whenever a defendant insists on proceeding without counsel the trial court does whatever is necessary relative to the circumstances to determine that the defendant made a knowing and intelligent wavier"). The Alabama courts appear to follow this latter interpretation. See e.g., King v. State, 55 Ala. App. 306,314 So.2d 908, cert. denied, 294 Ala. 762, 314 So.2d 912 (1975).[1]
Except for the perfunctory questioning set forth above, the record before us contains no colloquy between the trial court and Teske whereby inquiry is made into whether Teske understood the nature and consequences of his waiver of the right to counsel; if the trial court explained any of the implications and consequences of going to trial without counsel, the record does not show it. Moreover, we have virtually no insight into the surrounding circumstances, such as Teske's mental condition and history, the extent of his prior experience with the criminal process, his background, any prior consultation with counsel, and his explanations for proceeding without counsel.
However, we conclude that the record establishes that Teske clearly and unequivocally expressed his decision that he desired to relinquish his right to counsel and to assert his right to self-representation. Upon this observation, we hold that Teske had the burden of proving that his waiver was not knowing and intelligent. In Moore v. Michigan, 355 U.S. 155,161-62, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (1957), the Supreme Court stated, as follows:
 "This Court held in Johnson v. Zerbst, supra, that when a judgment of conviction entered in a federal court is collaterally attacked upon the ground that the defendant did not have the benefit of counsel, he has the burden of showing, by a preponderance of the evidence, that he did not have counsel and did not competently and intelligently waive his constitutional right to the assistance of counsel. . . . Whatever may be the differences in the substantive right to counsel in federal and state cases, when the defendant in a state case has established his constitutional right to the benefit of counsel, he should carry the same burden of proving nonwaiver as is required of a defendant in a federal case. We therefore hold that the rule of Johnson v. Zerbst applies in this case and that the petitioner had the burden of showing, by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel."
As in the instant case, in Moore the record clearly established that the petitioner had expressly refused an offer of counsel by the trial court. It is this specific circumstance upon which the allotment of the burden of proof is to the accused. "[N]o *Page 572 
such burden can be imposed upon an accused unless the record — or a hearing, where required — reveals his affirmative acquiescence." Carnley, 369 U.S. at 517, 82 S.Ct. at 890. Seealso People v. Paradise, 108 Cal.App.3d at 369, 166 Cal.Rptr. at 487; State v. Hamilton, 104 N.M. 614, 616, 725 P.2d 590, 592
(N.M.Ct.App. 1986) (wherein the court held, "When the right [to counsel] is waived but the defendant claims that the waiver was not knowing and intelligent, the burden shifts to the defendant to prove the invalidity of the waiver"); 24A C.J.S. CriminalLaw § 1850 (1972) (wherein it was noted that the accused "has the burden of establishing that he did not in fact competently, intelligently, or knowingly waive the right [to counsel]; but every reasonable presumption will be indulged against waiver of the right" [footnotes omitted]); Proposed Requirements forWaiver of the Sixth Amendment Right to Counsel, 82 Colum.L.Rev. 363, 382, n. 124 (1982) (wherein the writer observed, "Unlike waiver in other circumstances, when an accused attempts to waive his right to counsel before a judicial official in order to proceed pro se, the accused bears the burden of establishing 'knowing and intelligent' waiver" [emphasis in original]).Compare Westmoreland v. City of Hartselle, 500 So.2d 1327
(Ala.Cr.App. 1986) (wherein the court recognized that the burden rests with the State if the record is silent as to a waiver of counsel); Dueitt v. State, 44 Ala. App. 22,201 So.2d 405 (1967) (wherein the court held that the prosecution has the burden to establish waiver of the Fifth Amendment right to counsel).
Teske waived opportunity to meet his burden of proof, for it would have been procedurally appropriate for Teske to have raised the allegation of inadequate waiver in his motion for new trial filed by his appointed counsel; any evidence that Teske unknowingly and unintelligently waived his right to counsel should have been presented to the trial court in Teske's motion for new trial. Upon our finding that the record fails to reflect, by a preponderance of the evidence, that Teske did not knowingly and intelligently waive his right, this cause is affirmed.
AFFIRMED.
All Judges concur.
[1] This is not to say that express, on-the-record advice of the dangers and risks of self-representation is not highly desirable. Obviously, as the instant case illustrates, without an express, on-the-record colloquy, direct and collateral attacks are unavoidable and the predictability of the results is uncertain. See People v. Paradise, 108 Cal.App.3d 364,370-71, 166 Cal.Rptr. 484, 488 (1980). See also 2 W. LaFave and J. Israel, supra, at 45-46 (for suggested procedure).