933 So.2d 406 (2005)
Jeffery BAKER
v.
STATE of Alabama.
CR-04-0068.
Court of Criminal Appeals of Alabama.
August 26, 2005.
Rehearing Denied December 16, 2005.
*407 Jeffrey C. Robinson, Selma, for appellant.
Troy King, atty. gen., and Cecil G. Brendle, Jr., asst. atty. gen., for appellee.
COBB, Judge.
Jeffery Baker was charged by complaint with criminal mischief in the third degree, a violation of § 13A-7-23, Ala.Code 1975. He was convicted of the charged offense in the district court and was ordered to pay various fines and court costs. Baker appealed to the circuit court for a trial de novo; he was again convicted of criminal mischief in the third degree.[1] The circuit court sentenced Baker to 180 days in jail; that sentence was suspended, and Baker was ordered to serve 30 days in jail. Baker was also ordered to pay various fines and court costs. This appeal followed.
Because Baker does not challenge the sufficiency of the State's evidence, a brief rendition of the facts will suffice. The evidence adduced at trial indicated that on September 6, 2002, Baker disrupted a Labor Day holiday cookout for employees of the Pike County Sheriff's Department and county courthouse personnel in the parking lot of the county courthouse. The testimony indicated that Baker had not been invited to the picnic; that he entered the area where the picnic was being held; and that he grabbed a steak designated for an employee off of the grill and threw it on the ground, causing it to break into several pieces.
The lone issue raised on appeal is whether Baker knowingly, intelligently, and voluntarily waived his constitutional right to counsel at trial. In his brief, Baker argues that he requested on at least four occasions that the trial court appoint counsel to assist him and that he never waived his right to counsel. The State argues that, by his requests, Baker sought, not the assistance of counsel required by the Constitution but, rather, hybrid representation to which he was not entitled and that, when the trial court declined to allow Baker hybrid representation, Baker affirmatively insisted on proceeding pro se and waived his right to counsel. We agree with the State.
The record reveals that Baker acted pro se both at the district court proceedings and the circuit court proceedings. Baker filed a pro se notice of appeal for a trial de novo in the circuit court. Baker subpoenaed witnesses and documents; Baker also filed assorted discovery motions, motions to dismiss the charges against him on a number of grounds, and other timely and pertinent pleadings in this case. Additionally, Baker filed responsive pleadings to motions filed by the State. Further, Baker successfully obtained the recusal of judges in both the district court proceedings *408 and the circuit court proceedings, and as a result, the prosecuting attorney in both the district court and the circuit court proceedings and the trial judge in the circuit court proceedings were appointed from another circuit.[2]
Before trial, the prosecutor filed a motion requesting that the trial court conduct a Faretta[3] hearing to ascertain whether Baker's waiver of his right to counsel was knowing, voluntary, and intelligent. After a hearingportions of which we quote at length later in this opinionthe trial court determined that Baker was voluntarily, knowingly, and intelligently waiving his right to counsel and allowed Baker to proceed pro se at trial.
Finally, we note that Baker did request that counsel be appointed to represent him for sentencing purposes. However, after counsel was appointed for the sentencing proceeding, Baker rescinded his request and filed a motion to proceed pro se for his sentencing hearing; the trial court allowed newly appointed counsel to withdraw and then appointed a second attorney to represent Baker at sentencing. Baker advised that attorney that his services were not required and filed a second motion to waive his right to counsel and requested again to proceed pro se at sentencing. The trial court granted Baker's motion, and Baker represented himself at sentencing.
"A defendant's decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, 851 So.2d 142, 144-45 (Ala.Crim.App.2002), this Court pointed out:
"`"The constitutional `right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.' People v. Carroll, 140 Cal. App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820 (1983) (citing Johnson v. Zerbst [, 304 U.S. 458 (1938)]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir.1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Cr.App.1993) (`the appellant's. . . right to have counsel appointed on appeal [is a] jurisdictional matter[ ]'); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation `will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty')."
"`Berry v. State, 630 So.2d 127, 130 (Ala.Crim.App.1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494 (1994) ("`If the accused . . . is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. . . . The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release *409 by habeas corpus.'" (quoting Johnson v. Zerbst, 304 U.S. 458, 468 (1938)); Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter).'
"Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.
"`The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused whose life or liberty is at stakeis without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.'
"Johnson v. Zerbst, 304 U.S. 458, 465 (1938).
"Rule 6.1(b), Ala.R.Crim.P., provides a framework to ensure that a defendant's waiver of counsel is knowing and intelligent:
"`A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. . . .
"`. . . .'
". . . .
"Certainly, the provisions of Rule 6.1(b) are mandatory, and, if a defendant properly preserves and presents an argument on appeal that the trial court faltered in its application of the mandatory provisions of Rule 6.1(b), he is entitled to relief. See, e.g., Ex parte King, 797 So.2d 1191 (Ala.2001). However, the fact that a trial court forgoes those provisions does not necessarily indicate that a defendant unknowingly, unintelligently, and involuntarily has waived his right to counsel. That is, the fact that a trial court fails to abide by the letter of Rule 6.1(b) and Faretta [v. California, 422 U.S. 806 (1975),] does not necessarily result in the defendant's being deprived of counsel and, thus, the trial court's being jurisdictionally barred from rendering a judgment. See Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991) (`Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant.'). See also Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065 (11th Cir.1986) (`The ultimate test is not the trial court's express advice, but rather the defendant's understanding.').
"Whether a defendant who chooses to represent himself has knowingly, intelligently, and voluntarily waived his right to counsel can be indicated by the record or by the totality of the circumstances surrounding the waiver. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (`The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances *410 surrounding that case, including the background, experience, and conduct of the accused.'). See also Clemons v. State, 814 So.2d 317 (Ala.Crim.App.2001) (citing Monte v. State, 690 So.2d 517 (Ala.Crim.App.1996)); Johnston v. City of Irondale, 671 So.2d 777 (Ala.Crim. App.1995); Warren v. City of Enterprise, 641 So.2d 1312 (Ala.Crim.App. 1994); Siniard v. State, 491 So.2d 1062 (Ala.Crim.App.1986). See also Faretta, 422 U.S. at 835 (`Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. [269, 279 (1942)].')."
Coughlin v. State, 842 So.2d 30, 33-35 (Ala.Crim.App.2002). Similarly, in Tomlin v. State, 601 So.2d 124 (Ala.1991), the Alabama Supreme Court stated:
"In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 835 (other citations omitted).
"The burden of proof in the present case is on the defendant. When a defendant has clearly chosen to relinquish his right to counsel and has asserted his right to self-representation, and on appeal asserts that he was denied the right to counsel, he has the burden of showing, `"by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel."' Teske v. State, 507 So.2d 569, 571 (Ala.Cr.App.1987), quoting Moore v. Michigan, 355 U.S. 155, 161-62 (1957). The Supreme Court in Carnley v. Cochran, 369 U.S. 506, 516-17 (1962), held that when the record clearly shows that a defendant has expressly waived his right to counsel, the burden of proving that his waiver was not made knowingly and intelligently is on the defendant. `A waiver of counsel can only be effectuated when the defendant asserts a "clear and unequivocal" right to self-representation.' Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta, 422 U.S. 806. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley, 369 U.S. at 517. Presuming a waiver from a silent record is impermissible. Carnley.

". . . .
"Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant. `The case law reflects that, while a waiver hearing expressly addressing the disadvantage of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's express advice but rather the defendant's understanding.' Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir.1986) (citations omitted). In each case the court needs to look to the particular facts and circumstances *411 involved, `including the background, experience, and conduct of the accused.' Johnson v. Zerbst, 304 U.S. 458, 464 (1938).
"This court looks to a totality of the circumstances involved in determining whether the defendant knowingly and intelligently waived his right to counsel. Jenkins v. State, 482 So.2d 1315 (Ala.Cr. App.1985); King v. State, 55 Ala.App. 306, 314 So.2d 908 (Ala.Cr.App.1975), cert. denied; Ex parte King, 294 Ala. 762, 314 So.2d 912 (1975)."
601 So.2d 124, 128-29.
The following exchange occurred at the Faretta hearing before trial:
"THE COURT: While we are on the subject, Mr. Baker, I am sure that one of the judges in Pike County informed you that you have a right to an attorney and that if you cannot afford one one will be appointed for you by the Court. Have they not?
"MR. BAKER: I believe, Your Honor, in this case you are the only judge that has, that I have been before.
"THE COURT: You had a district judge.
"MR. BAKER: I am before you, now. What happened in district court is irrelevant here.
"THE COURT: Let me inform you then.
"MR. BAKER: Okay.
"THE COURT: You understand that you have a right to an attorney as this is a criminal prosecution?
"MR. BAKER: I understand that.
"THE COURT: And that if you cannot afford one, one will be appointed for you by the Court.
"MR. BAKER: I have an affidavit of substantial hardship in the record, Your Honor, that you have not ruled on.
"THE COURT: Are you seeking an attorney? Are you requesting an attorney be appointed to represent you in this case?
"MR. BAKER: It would all depend on who, which attorney you are talking about.
"THE COURT: It is not an attorney of your choosing. Are you requesting this Court appoint an attorney?
"MR. BAKER: Not at this time, Your Honor.
"THE COURT: Well, there is not going to be another time. So, either we are going forward with the trial of these cases or we are going to stop and I am going to appoint an attorney for you, if you are requesting it.
"MR. BAKER: Well, I will request, Your Honor, [to] have a sitting attorney, but I am planning to represent myself before the jury. That is what I plan to do.
"[Prosecutor]: If it please the Court; judge, we have a pending motion that is in effect a Faretta motion of self representation and possibly that should be taken up now.
"THE COURT: I agree.
"[Prosecutor]: We didn't have one of those in the district court. I am not sure it is an order. I did take the liberty to prepare a proposed order.
"THE COURT: Correct.
"[Prosecutor]: Of course, the State does not object to Mr. Baker representing himself.
"MR. BAKER: In that case, Your Honor, I waive all of that and submit to the Court that I am a paralegal. I have legal experience. I have represented myself in other matters. I am fully capable of representing myself in this case. However, being is that Your Honor has demonstrated a bias toward me, I *412 would suggest we have a sitting attorney.
"THE COURT: Mr. Baker, be careful."
(R. 17-19.) Baker informed the trial court that he had attended various universities and had obtained a degree. Baker stated that he had a degree as "Legal Assistant. Paralegal." (R. 20.) The following exchange then occurred:
"MR. BAKER: Your Honor, I have admitted that I am intelligent enough to represent myself in these matters. I think I have demonstrated that through my motions. I waive it. He waived it. I don't haveI am going through this matter with an intelligent and legal knowledge of my rights.
"THE COURT: So you don't want an appointed attorney? Is that correct?
"MR. BAKER: I requested the Court to appoint me a sit-in attorney in an advisory capacity. Yes.
"THE COURT: Well, I will appoint an attorney to represent you, but I am not going to appoint an attorney just to sit here. Now either he is going to represent you or he is not. You can't have it both ways.
"MR. BAKER: Well, Your Honor, then let's proceed to the next issue on your agenda.
"THE COURT: Okay. All right. [Prosecutor]; anything?
"[Prosecutor]: Judge, may I approach the bench? I have noticed Mr. Baker with it and also a copy in the court file. For the convenience of the Court, there is a copy of a proposed order that I think addresses the issue brought forth in Faretta and also the two fairly recent Alabama cases that addressed the same issue.
"THE COURT: You have given Mr. Baker one?
"[Prosecutor]: I have previously given him one.
"MR. BAKER: I have received it, Your Honor.
"THE COURT: Okay. What is the State's position regarding a, I don't know, sit-in-attorney, if you will?
"[Prosecutor]: Judge, that, if youhe has a choice of going the route of self representation. And, on a case of the level of these two misdemeanors, that it is not, it is not required that the State give a sit-in-attorney when he has asked to represent himself and is certainly capable of representing himself.
"MR. BAKER: On that same issue, Your Honor, if I may be allowed to speak?
"THE COURT: Are you through, [Prosecutor]?
"[Prosecutor]: Yes, sir.
"THE COURT: Yes, Mr. Baker.
"MR. BAKER: I am, if I may be allowed to speak; the position of the State in other cases that I am aware of, that when a pro se individual, who is unlearned in the law asks for a sit-in-attorney, it is granted with the express stipulation that the attorney and the pro se individual not be questioning the witness at the same time or if one is questioning, the other will not or something to that effect. And, I think that is the way it has been in caselaw that I have discovered that has been addressed by it.
"THE COURT: Do you want to present a case to me?
"MR. BAKER: No, sir. You can rule on it. It is up to you and I will make an objection and we can move on and we will take it on up on appeal."
(R. 20-23.)
It is apparent from a reading of the transcript of the Faretta hearing that *413 Baker was seeking standby counsel but that he intended to represent himself. Clearly, "[w]hile a defendant has a right to be represented by counsel or to represent himself, he is not entitled to a hybridized representation of his own design." Moody v. State, 888 So.2d 532, 560 (Ala.Crim.App. 2003). Therefore, the trial court was within its discretion to deny Baker's request for a "sit-in-attorney."[4] The trial court instead advised Baker that he could either represent himself, or the trial court would appoint an attorney to represent him; Baker chose to represent himself. Additionally, as to the affidavit of substantial hardship Baker referenced when the trial court mentioned that counsel would be appointed if Baker could not afford to hire an attorney, it is apparent that that affidavit was filed for the purposes of allowing Baker to appeal his district court conviction to the circuit court for a trial de novo, rather than requesting the appointment of counsel; neither the affidavit of substantial hardship nor the motion for leave to appeal in forma pauperis even suggest that Baker wanted appointed counsel. Thus, it is clear from our review of the record that Baker made the decision to forgo his right to counsel and asserted his right to self-representation; therefore, he has the burden of showing that his waiver of his right to counsel was not knowingly, intelligently, or voluntarily made. See Tomlin, supra.
In Sibley v. State, 775 So.2d 235 (Ala. Crim.App.1996), this Court stated:
"In United States v. Cash, 47 F.3d 1083 (11th Cir.1995), the Eleventh Circuit Court of Appeals outlined the factors necessary in determining the validity of a waiver of counsel:
"`They are: (1) The defendant's age, educational background, and physical and mental health; (2) the extent of defendant's contact with lawyers prior to trial; (3) the defendant's knowledge of the nature of charges, possible defenses, and penalties; (4) the defendant's understanding of the rules of procedure, evidence, and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed and the extent to which that counsel aided the defendant; (7) any mistreatment or coercion of defendant; and (8) whether the defendant was trying to manipulate the events of trial. [Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065-67 (11th Cir.1986)]. All factors need not point in the same direction.'
"47 F.3d at 1088-1089."
775 So.2d at 243.
Here, Baker asserted that he had a degree as a legal assistant or paralegal. There is no indication in the record that his waiver was affected by any physical or mental impairments or by drug or alcohol abuse. It is apparent from a reading of the voluminous record[5] that Baker had a *414 clear understanding of the nature of the charges, the defenses applicable to the charges, and the possible penalties he faced if convicted. We also note that Baker questioned numerous witnesses at trial about their observations of the incident and posed a series of questions designed to attack specific elements of the charged offenseswe note with some particularity that, although Baker was convicted of the criminal-mischief charge, the jury was unable to render a verdict as the harassment charge. Similarly, the numerous pleadings and motions Baker filed and his references to applicable legal theories and rules of procedure indicate that he had an awareness of the legal process and legal procedure, as did his questioning of witnesses. There is no evidence indicating that Baker was mistreated or coerced into representing himself; to the contrary, it is abundantly clear from the record that Baker had every intention of representing himself at trial.
Although the trial court declined to appoint standby counsel to assist Baker should the need arise, the lone reason Baker gave for wanting standby counsel was Baker's perception that the trial judge was biased against him. However, our review of the record reveals no instances in the record that could be perceived as bias by the trial judge. Therefore, after reviewing the record on appeal, we conclude that, given the totality of the circumstances, Baker has failed to demonstrate by a preponderance of the evidence that he did not knowingly, intelligently, and voluntarily waive his right to counsel. More succinctly, Baker did not unwittingly stumble blindly down the path of self-representation and the waiver of his right to counsel. Rather, he sought a hybrid form of representation of his choosing; the trial court exercised its discretion and refused to allow Baker to proceed in that manner; the trial court offered to appoint counsel to represent Baker; and Baker knowingly, voluntarily, and intelligently chose to waive his right to counsel and to instead proceed pro se.
Based on the foregoing, we affirm the judgment of the circuit court.
AFFIRMED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., dissents, with opinion.
BASCHAB, Judge, dissenting.
In this case, the trial court and the appellant discussed the fact that the appellant had indicated that he wanted to represent himself during the proceedings. However, the record in this case does not indicate that the trial court specifically advised the appellant about the dangers and disadvantages of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
"In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and *415 his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991).
In addition, the record does not indicate that the trial court advised the appellant that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings, as required by Rule 6.1(b), Ala. R.Crim. P.[6] In fact, the trial court did just the opposite during the following exchange:
"THE COURT: . . . Are you requesting this Court appoint an attorney?
"[THE APPELLANT]: Not at this time, Your Honor.
"THE COURT: Well, there is not going to be another time."
(R. 18.)[7]
For these reasons, we should reverse the trial court's judgment and remand this case for a new trial. See Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998); Hairgrove v. State, 680 So.2d 946 (Ala.Crim. App.1995).
NOTES
[1] Baker was also charged with harassment and tried in the circuit court on that charge, which arose out of the same incident that gave rise to the criminal mischief conviction. However, the jury was unable to reach a verdict as to harassment, and the trial court ordered a mistrial on that charge.
[2] Also in the record are numerous pro se pleadings Baker filed in an unrelated civil matter involving some of the witnesses to the incident at the cookout.
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[4] As the dissent correctly notes, Rule 6.1(b), Ala.R.Crim.P., provides, in part, that "[w]hen a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings." (Emphasis added.) There is no requirement that the trial court appoint standby counsel. Thus, based on the totality of the circumstances as discussed later in this opinion, we will not hold the trial court in error for declining to do so.
[5] The record consists of seven volumes. The transcript of the pretrial Faretta hearing and the trial span approximately 423 pages; the transcript of the sentencing hearing is approximately 55 pages long. The clerk's record contains approximately 814 pages, of which a significant portion consists of the multitude of pro se pleadings Baker filed in the circuit court, in the district court, and in assorted unrelated civil proceedings involving some of the complainants and witnesses in this trial. Moreover, although certainly not dispositive of this issue, we note that Baker on appeal sought the removal of appointed appellate counsel because he was displeased with appellate counsel's brief and then later rescinded that request.
[6] Rule 6.1(b), Ala. R.Crim. P., provides, in part:

"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.)
[7] I would further note that it appears from the discussions the majority quotes that the trial court did not understand that it could appoint stand-by counsel to assist the appellant as he proceeded pro se. In this regard, Rule 6.1(b), Ala. R.Crim. P., provides, in pertinent part:

"When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings."