WELCH, Judge.
Following a bench trial, Dock Battles was convicted of being in possession of a pistol when he was included in a class of certain persons forbidden to have a pistol, a violation of § 13A-11-72(a), Ala. Code 1975. On September 21, 2017, Battles was sentenced as a habitual felony offender to 21 years' imprisonment.
The evidence presented at trial indicated that on January 2, 2017, Battles's vehicle was stopped by a police officer for failing to signal a turn and for having an expired tag. Battles, who had no identification on him, gave the officer a fake name and Social Security number. The vehicle was towed, and, during an inventory search, a pistol was found under the seat.
Before trial, Battles filed several pro se motions and also sent letters to the trial judge. In his correspondence, Battles stated, among other things, that he wanted to represent himself and to waive his right to a jury trial. At a pretrial hearing on July 13, 2017, the trial court stated that Battles had informed the court that he did not wish to have an attorney representing him and that, as a result, the court had relieved the attorney who had been appointed to represent him. The trial court then asked if Battles wanted the motions he had filed before the court heard with no attorney representing him. Battles responded that he did. Battles moved to have his bond reduced, and, after hearing arguments from both parties, the trial court denied the motion. At the hearing, Battles also requested a bench trial. The trial court asked Battles to put in writing that he was waiving his right to a jury trial. On July 18, 2017, Battles filed a written waiver. The next day, the trial court entered an order granting Battles's request for a bench trial.
On August 30, 2017, the court called Battles's case for trial. The court read the indictment to Battles, briefly set forth the *1089 procedure the trial court would follow, and informed Battles of his rights during the trial. Battles told the trial court that several charges were pending but that the court had mentioned only the weapons offense. The trial court then asked the State if it wished to go forward on the six indictments at that time or just the weapons offense. The State replied that the cases had not been consolidated for trial and that it was prepared to go forward with the weapons charge before the court. Battles stated that he did not understand the nature of the weapons offense. The trial court responded:
"Okay. Well, I've already read the indictment to you. It states that you had a weapon, a Glock pistol, on or about January 2nd of 2017 at or near the 900 Block of West 19th Street in Anniston in Calhoun County. You possessed this weapon after having been convicted of a crime of violence, and that offense would have been murder."
(R. 6.)
Battles asked if the matter was "criminal jurisdiction," and the court stated that it was a criminal offense. Battles then asked if the matter was admiralty maritime or equity jurisdiction to which the court replied, "No." (R. 7.) The court provided Battles with the Code section pursuant to which he was charged. Battles stated that he did not have the statutory rules of court so he "couldn't be possibly prepared." (R. 7.) The trial court stated that it was going forward with the trial and instructed the State to call its first witness.
The State called several witnesses. After the direct examination of each witness, the court asked Battles if he wanted to ask the witness any questions. Battles stated that he did not and that he did not understand the nature of the charge against him. After the State rested its case, the court asked Battles if he wished to make a statement or call any witnesses. Battles stated:
"Well, I would just like to say that I haven't been afforded the statutory rules of court in this matter, and I don't know anything about any previous conviction because the State has failed to provide me with previous notices of any attempt to use any kind of enhancement factors. I would also like to say that the State has not presented-I haven't seen any victim or injured parties in this proceeding."
(R. 26-27.)
The trial court responded:
"All right. Thank you very much. I have been made aware that you have requested access to a law library, and you have written the Court requesting certain things. So I made the jail provide a list of all of the legal resources that were available at the jail and the times that you went to the law library at the jail and the times that you refused to go when you were offered to go.
"So, the Court does find that you have had full access to the law library at the jail, which does include the statutory rules, the criminal code, and many other resources."
(R. 27.) The court then found Battles guilty of the offense.
On appeal, Battles, acting pro se, argues, among other things, that he was not adequately advised of the charge against him, the possible penalties, and the dangers of representing himself at trial.[1]
*1090 The Sixth and Fourteenth Amendments to the United States Constitution guarantee an accused brought to trial in a state court the right to dispense with counsel's aid and to represent himself. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ; see also Art. 1, § 6, Alabama Constitution of 1901. This right is not absolute, however; there must be a showing that the waiver of counsel is knowing and intelligent.
The Alabama Rules of Criminal Procedure have incorporated and expanded the accused's protections announced in Faretta. Rule 6.1, Ala. R. Crim. P., permits the right to counsel to be waived after the trial court has ascertained that the accused knowingly and intelligently desires to forgo his right to counsel. Also, the rule mandates that the trial court inform the accused that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. See Farid v. State, 720 So.2d 998, 999 (Ala. Crim. App. 1998).
In addressing the validity of a waiver of the assistance of counsel, this Court stated in Baker v. State, 933 So.2d 406 (Ala. Crim. App. 2005) :
" ' "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused-whose life or liberty is at stake-is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."
" ' Johnson v. Zerbst, 304 U.S. 458, 465 (1938).
" '....
" 'Certainly, the provisions of Rule 6.1(b) are mandatory, and, if a defendant properly preserves and presents an argument on appeal that the trial court faltered in its application of the mandatory provisions of Rule 6.1(b), he is entitled to relief. See, e.g., Ex parte King, 797 So.2d 1191 (Ala. 2001). However, the fact that a trial court forgoes those provisions does not necessarily indicate that a defendant unknowingly, unintelligently, and involuntarily has waived his right to counsel. That is, the fact that a trial court fails to abide by the letter of Rule 6.1(b) and Faretta [v. California, 422 U.S. 806 (1975),] does not necessarily result in the defendant's being deprived of counsel and, thus, the trial court's being jurisdictionally barred from rendering a judgment. See Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991) ("Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant."). See also Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065 (11th Cir. 1986) ("The ultimate test is not the trial court's express advice, but rather the defendant's understanding.").
" 'Whether a defendant who chooses to represent himself has knowingly, intelligently, and voluntarily waived his right to counsel can be indicated by the record or by the totality *1091 of the circumstances surrounding the waiver. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) ("The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."). See also Clemons v. State, 814 So.2d 317 (Ala. Crim. App. 2001) (citing Monte v. State, 690 So. 2d 517 (Ala. Crim. App. 1996) ); Johnston v. City of Irondale, 671 So.2d 777 (Ala. Crim. App. 1995) ; Warren v. City of Enterprise, 641 So.2d 1312 (Ala. Crim. App. 1994) ; Siniard v. State, 491 So.2d 1062 (Ala. Crim. App. 1986). See also Faretta, 422 U.S. at 835 ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. [269, 279 (1942) ].").'
" Coughlin v. State, 842 So.2d 30, 33-35 (Ala. Crim. App. 2002). Similarly, in Tomlin v. State, 601 So.2d 124 (Ala. 1991), the Alabama Supreme Court stated:
" 'In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must "knowingly" and "intelligently" waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835. The defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " Faretta, 422 U.S. at 835 (other citations omitted).
" 'The burden of proof in the present case is on the defendant. When a defendant has clearly chosen to relinquish his right to counsel and has asserted his right to self-representation, and on appeal asserts that he was denied the right to counsel, he has the burden of showing, " 'by a preponderance of the evidence, that he did not intelligently and understandingly waive his right to counsel.' " Teske v. State, 507 So.2d 569, 571 (Ala.Cr.App. 1987), quoting Moore v. Michigan, 355 U.S. 155, 161-62 (1957). The Supreme Court in Carnley v. Cochran, 369 U.S. 506, 516-17 (1962), held that when the record clearly shows that a defendant has expressly waived his right to counsel, the burden of proving that his waiver was not made knowingly and intelligently is on the defendant. "A waiver of counsel can only be effectuated when the defendant asserts a 'clear and unequivocal' right to self-representation." Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta, 422 U.S. 806. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley, 369 U.S. at 517. Presuming a waiver from a silent record is impermissible. Carnley.
" '....
*1092 " 'Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant. "The case law reflects that, while a waiver hearing expressly addressing the disadvantage of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's express advice but rather the defendant's understanding." Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir. 1986) (citations omitted). In each case the court needs to look to the particular facts and circumstances involved, "including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938).
" 'This court looks to a totality of the circumstances involved in determining whether the defendant knowingly and intelligently waived his right to counsel. Jenkins v. State, 482 So.2d 1315 (Ala.Cr.App. 1985) ; King v. State, 55 Ala.App. 306, 314 So.2d 908 (Ala.Cr.App. 1975), cert. denied; Ex parte King, 294 Ala. 762, 314 So.2d 912 (1975).'
" 601 So.2d 124, 128-29."
Baker v. State, 933 So.2d 406, 409-11 (Ala. Crim. App. 2005).
In determining whether the waiver in this case was made knowingly and intelligently, we also look to the factors set out in Fitzpatrick, including
" '(1) whether the colloquy between the court and the defendant consisted merely of pro forma answers to pro forma questions, United States v. Gillings, 568 F.2d 1307, 1309 (9th Cir.), cert. denied, 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed. 2d 760 (1978) ; (2) whether the defendant understood that he would be required to comply with the rules of procedure at trial, Faretta [v. California, 422 U.S.] at 835-36, 95 S.Ct. at 2541-42 ; Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir. 197[6] ) ; (3) whether the defendant had had previous involvement in criminal trials, United States v. Hafen, 726 F.2d 21, 25 (1st Cir.), cert. denied, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed. 2d 561 (1984) ; (4) whether the defendant had knowledge of possible defenses that he might raise, Maynard, supra ; (5) whether the defendant was represented by counsel before trial, Hafen, supra ; and (6) whether 'stand-by counsel' was appointed to assist the defendant with his pro se defense, see Faretta, supra, at 834 n. 46, 95 S.Ct. at 2540-41 n. 46 ; Hance v. Zant, 696 F.2d 940, 950 n. 6 (11th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed. 2d 1393 (1983), overruled on other grounds, Brooks v. Kemp, 762 F.2d 1383 (11th Cir. 1985).'
"[ Tomlin v. State,] 601 So.2d 120 [, 123-24 (Ala. Crim. App. 1989) ]."
Tomlin v. State, 601 So.2d 124, 129 (Ala. 1991).
With the above principles in mind, we turn to the present case. The record affirmatively indicates that Battles clearly and unequivocally expressed his desire to represent himself. This is not a situation where it is unclear whether a defendant actually wanted to represent himself. Compare Thomas v. State, 8 So.3d 1018 (Ala. Crim. App. 2008) (noting that it was not apparent whether the defendant sought to represent himself, or whether he actually sought a continuance to obtain different counsel). Further, Battles clearly and unequivocally understood that he had a right to counsel as the circuit court had appointed counsel to Battles. The record, however, also clearly and unequivocally demonstrates *1093 that the circuit court did not advise Battles of the dangers and disadvantages of waiving his right to counsel, and there was no discussion of whether Battles understood that he would be required to comply with the rules of procedure, whether he had been involved in previous criminal trials, or whether he had knowledge of possible defenses. Of the six factors discussed in Fitzpatrick and Tomlin, only one was established-that Battles had been represented by counsel before trial. Based on the totality of the circumstances, it is apparent that Battles's decision to represent himself was not knowingly, intelligently, or voluntarily made.
Furthermore, even if we were to hold that the record supported a finding that Battles knowingly, intelligently, and voluntarily waived his right to counsel, the record establishes that the trial court did not advise Battles, after accepting his waiver, that his "waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings." Rule 6.1(b), Ala. R. Crim. P. We recognize that this Court may, under the totality-of-the-circumstances test, conclude that a defendant is, in fact, aware of his or her right to withdraw the waiver of counsel at any time-if the record allows such a conclusion-regardless of whether the circuit court actually advised the defendant of his or her right to withdraw the waiver. See, e.g., Powers v. State, 38 So.3d 764, 765 (Ala. Crim. App. 2009) ("We note from the onset that because the Powerses asked the trial court to allow them to withdraw their waiver of counsel, they were obviously aware of the right to do so." (Emphasis added.) ); see also Hairgrove v. State, 680 So.2d 946, 947 (Ala.Crim.App. 1995) ("Nowhere in the record does it indicate that Hairgrove was told that he could withdraw his waiver of his right to counsel, and nothing in the record indicates that he was, in fact, aware that he could do so." (Emphasis added.) ). The record in this case, however, does not demonstrate that Battles was "obviously aware" of his right to withdraw his waiver of counsel. Although the record indicates that Battles had prior arrests and convictions, the record does not demonstrate that Battles had experience with the criminal justice system to the extent that it would confer upon him an obvious awareness of his right to withdraw his waiver of counsel.
Because the record on appeal does not demonstrate that Battles knowingly, intelligently, and voluntarily waived his right to counsel, we reverse the circuit court's judgment and remand this case for a new trial. See Woodruff, supra, Barber v. City of Birmingham, 970 So.2d 786 (Ala. Crim. App. 2007), Williams v. State, 739 So.2d 549 (Ala. Crim. App. 1999), Farid v. State, supra, and Hairgrove, supra. Because we are reversing the conviction and remanding this cause for a new trial, we pretermit discussion of the remaining issues raised on appeal.
REVERSED AND REMANDED.
Windom, P.J., and Kellum, Burke, and Joiner, JJ., concur.

Although Battles raises this argument for the first time on appeal, it was not waived for purposes of review. The deprivation of the right to counsel during critical stages of a criminal prosecution is a jurisdictional issue that may be raised at any time. Woodruff v. City of Pelham, 1 So.3d 157, 159 (Ala. Crim. App. 2008). See also Coughlin v. State, 842 So.2d 30, 33 (Ala. Crim. App. 2002) ("[I]t is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.").